**FILED**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
Stevan Boulware            )
P.O.Box 630 / Unit C5      )
Winton  NC  27986-0630     )
_____)
```
(Enter your full name, prison number
and address)

CASE NUMBER  1:06CV02137

JUDGE: Henry H. Kennedy

v.

CIVI
(To b

DECK TYPE: Pro se General Civil

```
Federal Bureau of Prisons,  )  Distr
Harley Lappin, Scott        )
Stermer, Harrell Watts,     )
and Thomas Christensen;     )
```

DATE STAMP: 12/14/2006

320 First Street NW, Washington  DC  20534; see page
1 of the accompanying Memo-
randum of Points and Authorities

(Enter the full name and address(es),
if known, of defendant(s) in this
action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court <u>must</u> assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

NOV 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

## I.     SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.     Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes (  )          No ( X )

B.     Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )     No (X)

C.     If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.     Parties to this previous lawsuit.

        Plaintiffs:___N/A_____

        Defendants:__N/A_____

    2.     Court (if federal court, name the district; if state court, name the county)
        _____N/A_____

    3.     Docket number___N/A_____

    4.     Name of judge to whom case was assigned:___N/A_____

5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?)  N/A _____

_____

6.  Approximate date of filing lawsuit:_____ N/A _____

_____

7.  Approximate date of disposition:_____ N/A _____

_____

## III.  PLACE OF CONFINEMENT

Rivers Correctional Institution, 145 Parker's Fishery
Road, Winton, North Carolina 27986-9763

A.  Is there a prisoner grievance procedure in this institution?     Yes (X)     No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Question III B,C and D and go to Question III E.

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X)     No ( )

C.  If your answer is Yes to Question III B;

1.  To whom and when did you complain?  See the accompanying Memorandum of Points and Authorities at Appendix A

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)     Yes (X)     No ( )

3.  What, if any, response did you receive?  (Furnish copy of response, if in writing.)  All responses were negative and denials of my claims.

4.  What happened as a result of your complaint?     Nothing whatso-ever was accomplished.

_____

D.  If your answer is No to Question III B, explain why not. _____
        N/A _____
_____

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?     Yes ( )     No ( )

F.  If your answer is Yes to Question III E;

1.   To whom and when did you complain?    _____

   _____

2.   Did you complain in writing?  (Furnish copy of the complaint you made, if you
     have one.)

3.   What, if any, response did you receive?  (Furnish copy of response if in writing)

   _____

4.   What happened as a result of your complaint?    _____

   _____

   _____

## IV.   PARTIES

In item A below, place your name and prison number in the first blank and your present address
in the second blank.  Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff:  Stevan Boulware
     Address:  P.O.Box 630 / Unit C5, Winton  NC 27986

In item B below, place the full name of the defendant(s) in the first blank, their official position in
the second blank, their place of employment in the third blank and their address in the fourth blank.
Do the same for additional defendants, if any.

B.   Defendant:  Harley Lappin                is employed as
     director              at    Bureau of Prisons
     Address:  320 First Street  NW, Washington DC 20534;
     he is being sued in both official and individual capacities.

     Defendant:  Scott Stermer                is employed as
     contracting officer        at    Bureau of Prisons
     Address:  320 First Street  NW, Washington DC 20534;
     he is being sued in both official and individual capacities.

     Defendant:  Harrell Watts              is employed as
     administrator of appeals    at    Bureau of Prisons
     Address:  320 First Street NW, Washington DC 20534;
     he is being sued in both official and individual capacities.

     Defendant:  Thomas Christensen          is employed
     as  BOP representative          at  Bureau of Prisons
     Address:  145 Parker's Fishery Road, Winton NC 27986;
     he is being sued in both official and individual capacities.

     Defendant: Federal Bureau of Prisons is an agency
     of the United States government, headquartered at
     320 First Street NW, Washington  DC  20534.

## V.    STATEMENT OF CLAIM

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if necessary.

```
Defendants have violated Federal statutes and regulations by
failing to provide Plaintiff with education and training to the
extent mandated by D.C. Code § 24-101(b) and 28 C.F.R. § 541.12
(10) and § 544.50 et seq.  Please see the accompanying Memoran-
dum of Points and Authorities, pages 1 through 11.
```

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

```
Please see pages 11 through 12 of the accompanying Memorandum of
Points and Authorities.
```

Signed this _21_ day of _November_ ,_2006_ .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_11-21-06_
(Date)

_____
(Signature of Plaintiff)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


STEVAN BOULWARE,
   P.O.Box 630 / Unit C5
   Winton   NC   27986-0630,

     Plaintiff,

v.                                    Civil Action No. _____

FEDERAL BUREAU OF PRISONS,
   320 First Street   NW
   Washington   DC   20534;

HARLEY LAPPIN, director,
   Federal Bureau of Prisons
   320 First Street   NW
   Washington   DC   20534;

SCOTT STERMER, contracting officer,
   Federal Bureau of Prisons
   320 First Street   NW
   Washington   DC   20534;

HARRELL WATTS, administrator of national inmate appeals,
   Federal Bureau of Prisons
   320 First Street   NW
   Washington   DC   20534;

and

THOMAS CHRISTENSEN, on-site Bureau of Prisons representative,
  Rivers Correctional Institution
   145 Parkers Fishery Road
   Winton   NC   27986-0630,

     Defendants.


### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF HIS CIVIL ACTION PURSUANT TO 42 U.S.C. § 1983


**Now comes** the Plaintiff, Stevan Boulware, moving pro se,

and hereby respectfully requests that this Honorable Court issue

an **injunctive** or **declaratory** order compelling the Federal Bureau

06 2137

FILED

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

of Prisons (hereinafter "BOP") and its officials to provide Plain-
tiff with the same marketable vocational opportunities to him as
they provide to similarly situated District of Columbia Code offen-
ders housed in federal facilities.  An order from the court compel-
ling the defendants to comply with their mandatory and nondiscre-
tionary obligation to ensure that Plaintiff receives "education"
and "training" opportunities would force the Defendants to comply
with the COngressional directive set forth in § 11201(b) of the
National Capital Revitalization And Self-Government Improvement
Act of 1997, Pub. Law 105-33, 111 Stat. 251, 734 (codified at D.C.
Code § 24-101 (2001)).  See chiefly Samuels v. District of Columbia,
770 F.2d 184, 193-197 (D.C. Cir. 1985).  Thus, an order from the
court compelling the Defendants to comply with the statute's man-
date will provide Plaintiff with the opportunity to exercise his
regulatory right and responsibility to participate in the vocational
training programs in accordance with 28 C.F.R. §§ 541.12(10) and
544.50 et seq., which were promulgated pursuant to 18 U.S.C. § 4001
(b) (Limitation on detention; control of prisons).  See chiefly
28 C.F.R. § 0.96(0) (Delegations); Chrysler Corp. v. Brown, 441
U.S. 281, 300-305, 99 S.Ct. 1705, 1716-19 (1979).

The Court is hereby apprised that this civil action, filed
pursuant to 42 U.S.C. § 1983, is brought against the named defen-
dants in both their official and individual capacities.  Addition-
ally, if the Court is to grant the Plaintiff's request to proceed

- 2 -

in forma pauperis, then the Court is hereby respectfully requested to ensure that the service of the summons and complaint is effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. This request is made to the court strictly for precautionary measures.

## INTRODUCTION

Plaintiff brings this civil action under 42 U.S.C. § 1983 (the Civil Rights Act) and/or 5 U.S.C. §§ 701 et seq., to secure his regulatory right to participate in "education" and "vocational training". See 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities) and 28 C.F.R. § 544.50 et seq. (Occupational Educational Programs). In denying Plaintiff his <u>regulatory right</u> to participate in education and vocational training, the BOP and its officials are currently depriving Plaintiff of his liberty interest without the due process of law.

Congress has charged the BOP with the "responsibility" of ensuring that "education" and "training" programs are available to Plaintiff while housed at RCI. <u>See</u> D.C. § 24-101(b) (2001). Thus, because Plaintiff does not have the same marketable vocational opportunities available to him like the D.C. Code offenders have in the BOP facilities, Plaintiff asserts that he is being deprived of the **equal protection of the laws** under the Fifth or Fourteenth Amendment to the U.S. Constitution.

- 3 -

Plaintiff asserts below that in order to secure his constitutional, statutory, and/or regulatory rights, Plaintiff is seeking relief from the court in the form of an **injunctive** or **declaratory** order compelling the BOP to provide Plaintiff with marketable vocational opportunities, thus giving Plaintiff the right to participate in education and vocational training.  See D.C. Code § 24-101(b), 28 C.F.R. § 541.12(10), and 28 C.F.R. § 544.50.

Plaintiff asserts that if the claims raised below are not cognizable under 42 U.S.C. § 1983, then the Court is hereby requested to convert this civil complaint into a civil action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., or **any statutory mechanism** the Court deems appropriate to reach Plaintiff's constitutional, statutory, and regulatory violations that are asserted below.

Pursuant to § 11201(b) of the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. Law 105-33, 111 Stat. 251, 734, Congress charged the BOP with the **mandatory**, nondiscretionary duty to ensure that Plaintiff receives "education" and "training".  The BOP provides D.C. Code offenders housed in the BOP facilities with a multitude of marketable vocational opportunities without affording Plaintiff the same opportunities, thus depriving Plaintiff of the **equal protection of the laws**.  See D.C. Code § 24-101(b), 28 C.F.R. § 541.12(10), and 28 C.F.R. § 544.50.

- 4 -

In addition, 28 C.F.R. § 541.12(10) gives Plaintiff the "right
to participate in education, [and] vocational training".  See id.
Plaintiff asserts below that the BOP has failed to provide Plaintiff
with marketable vocational opportunities, thus arbitrarily depriving
Plaintiff of his due process right to participate in "education" and
"vocational" training.  See D.C. Code § 24-101(b), and 28 C.F.R.
§§ 541.12(10) and 544.50.  The Court can reach Plaintiff's claims
in accordance with 5 U.S.C. §§ 702 and 706.


### JURISDICTION

Within this civil complaint, Plaintiff raises the issue that
the BOP and its officials have violated Plaintiff's constitutional,
statutory, and regulatory rights.  Thus, this Court has jurisdiction
over Plaintiff's civil action pursuant to 42 U.S.C. § 1983 (the
Civil Rights Act) or the Administrative Procedure Act, pursuant
to 28 U.S.C. §§ 1331 and 1343(a)(4).


Importantly, the BOP and its officials, in dealing with D.C.
Code felons such as the Plaintiff, are acting under the color of
state law.  See § 11201(b) of the Revitalization Act, 111 Stat.
745.  The D.C. Circuit courts have held that the Revitalization
Act is an Act of Congress applicable exclusively to the District
of Columbia.  See chiefly Settles v. Parole Commission, 429 F.3d
1098, 1104 (D.C. Cir. 2005).  Fletcher v. District of Columbia,

- 5 -

370 F.3d 1223, 1227 (D.C. Cir. 2004). As such, the BOP. like the U.S. Parole Commission, are amenable to Plaintiff's civil suit under 42 U.S.C. § 1983 for actions taken pursuant to § 11201(b) of the Revitalization Act, codified at D.C. Code § 24-101(b).


## VENUE

Plaintiff asserts that he is a District of Columbia code offender. The United States government has assumed responsibility for the incarceration of Plaintiff in accordance with the Congressional mandate that all D.C. Code felons be transferred to the custody of the BOP and placed in prisons contracted for or operated by the BOP. See D.C. Code § 24-101 (2001). See also Crawford v. Jackson, 323 F.3d 123, 125 (D.C. Cir. 2003); Gartrell v. Ashcroft, 191 F.Supp.2d 23, 26-27 (D.D.C. 2003).

Plaintiff asserts within this civil complaint that the BOP and its officials are in violation of the Congressional directive by failing to ensure that Plaintiff receives "education" and "training". See D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10). The Defendants are also sued in their official capacity. For the purpose of this civil suit and venue, 28 U.S.C. § 1391(e) is most appropriate. That section provides that, "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of

- 6 -

legal authority, or an agency of the United States, or the United

States, may except as otherwise provided by law, be brought in any

judicial district in which (1) a defendant in the action resides,

[or] (2) a substantial part of the events or omissions giving rise

to the claim occurred...". 28 U.S.C. § 1391(e). The BOP and its

officials have been charged with the responsibility for Plaintiff's

"custody", "care", "education", and "training". D.C. Code § 24-

101(b) (Bureau of Prisons). The authority to transfer Plaintiff to

Rivers Correctional Institution, in Winton, North Carolina, was

charged to the BOP and its officials. See D.C. Code § 24-101(c)

(Privatization). The BOP's headquarters is located at 320 First

Street, N.W., Washington, D.C. The Defendants named in this com-

plaint in their official capacity conduct their daily functions at

the BOP's headquarters. "'The residence of an official defendant

is determined on the basis of the official residence of the federal

officer or agency.'" Franz v. United States, 591 F.Supp. 374, 377.

(D.D.C. 1984) (quoting Lamont v. Haig, 590 F.2d 1124, 1128 n. 19

(D.C. Cir. 1978)); Republican Party of North Carolina v. Martin,

682 F.Supp. 834, 836 (M.D.N.C. 1988) ("Where a public official 'is

a party to an action in his official capacity, he resides in the ju-

dicial district where he maintains his official residence, that is,

where he performs his official duties.' Birnbaum v. Blum, 546 F.

Supp. 1363, 1366 (S.D.N.Y. 1982), quoting O'Neil v. Battist, 472

F.2d 789, 791 (6th Cir. 1972)"). See also Cameron v. Thornburgh,

983 F.2d 253, 256, n.2 (D.C. Cir. 1993).

- 7 -

This complaint is brought against the BOP and its officials, for their deliberate neglect in following the Congressional directive to ensure that Plaintiff has access to "education" and "training", thus depriving Plaintiff of his right to participate in "education" and "vocational training". See D.C. Code § 24-101(b) and 28 C.F.R. §§ 541.12(10) and 544.50 et seq. Plaintiff presented his issue of the program deficiencies within RCI to the BOP's higher echelon while they were performing their official duties at the BOP's headquarters in Washington, D.C. See the attached attempts at administrative remedies and the responses from the BOP.

## THE BOP IS CURRENTLY IN VIOLATION OF THE CONGRESSIONAL DIRECTIVE PRESCRIBED IN D.C. CODE § 24-101(b), THUS DEPRIVING PLAINTIFF OF THE EQUAL PROTECTION OF THE LAWS AND PLAINTIFF'S DUE PROCESS RIGHT TO PARTICIPATE IN EDUCATION AND TRAINING

The United States Congress has explicitly charged the Federal Bureau of Prisons with the responsibility of Plaintiff's "education" and "training". D.C. Code § 24-101. In fact, the relevant provision of the statute expressly provides that Plaintiff "shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons shall be responsible for the custody, care, subsistence, education, treatment and training of [Plaintiff]." [Emphasis supplied.]

- 8 -

The word "shall", as written in § 24-101(b), imposes a mandatory and nondiscretionary duty upon the BOP and its officials to ensure that Plaintiff receives "education" and "training". Id. "Where the word 'shall' appears in a statutory directive, 'Congress could not have chosen stronger words to express its intent that [the specified action] be mandatory...'". Plaut v. Spendthrift Farm, Inc., 1 F.3d 1487, 1490 (6th Cir. 1993) (quoting United States v. Monsanto, 491 U.S. 600, 607 (1981)). See also Cobell v. Babbitt, 91 F.Supp.2d 1, 41 (D.D.C. 1991); Forest Guardians v. Babbitt, 174 F.3d 1178, 1187 (10th Cir. 1999); Association of Civil Technicians v. FLRA, 22 F.3d 1150, 1153 (D.C. Cir. 1994) (the word "shall" generally indicates a command that admits of no discretion on the part of the person instructed to carry out teh directive); Exportal Ltda. v. United States, 902 F.2d 45, 50 (D.C. Cir. 1990).

Plaintiff has been incarcerated since September 2002, having served the vast majority of his post-sentence incarceration at Rivers Correctional Institution in Winton, North Carolina. Rivers Correctional Institution (hereinafter "RCI") is a privately-owned facility which the Bureau of Prisons uses to house predominately D.C. Code offenders, pursuant to a contract between the BOP and GEO Group, Inc. Plaintiff has essentially exhausted his academic opportunities at RCI, and completed the Administrative Remedy procedures at both RCI and through the BOP's "Privatization Management Branch", requesting that he be transferred to a facility that has additional

- 9 -

opportunities for furthering his education and training.  See the
attached Administrative Remedies and their respective responses.
The RCI officials are unable to remedy this matter, as they are
merely housing Plaintiff pursuant to their contract with the BOP;
the BOP, however, maintains that "[t]his issue is not appealable
to the BOP" and that Plaintiff "must use the grievance procedures
at [his] facility".  Plaintiff has completed the one (1) vocational
program available at this facility, the Heating, Ventilation, and
Air Conditioning Technology course; the facility markets the avail-
ability of a "Custodial Maintenance" course which has been inexpli-
cably "inactive"  for all of the years that Plaintiff has been in-
carcerated.


     Plaintiff, by being marooned at RCI by the BOP and its offi-
cials, is being denied the "right" to participate in education and
vocational training and his "responsibility" to take advantage of
such programming.  See 28 C.F.R. § 541.12(10) (Inmate rights and
responsibilities), which provides:

> Rights
>
> You have the right to participate in education,
> vocational training and employment as far as re-
> sources are available, and in keeping with your
> interests, needs, and abilities.
>
> Responsibilities
>
> You have the responsibility to take advantage of
> activities which may help you live a successful

> and law-abiding life within the institution and
> in the community.  You will be expected to abide
> by the regulations governing the use of such ac-
> tivities.

Not only does Plaintiff have the "right" to education and
vocational training, and the "responsibility" to take full advan-
tage of such programming, he has a clear "interest" in living a
successful and law-abiding life in both the institution and the
community.  And society has an "interest"—a vested interest—
in Plaintiff's rehabilitative process prior to Plaintiff's reinte-
gration into the community.  See chiefly 28 C.F.R. § 541.12(10)
and Morales Feliciano v. Romero Barcelo, 672 F.Supp. 591, 606-607
(D. Puerto Rico 1986).  As this Court is certainly aware, the Dis-
trict of Columbia laws promote rehabilitation; see e.g. D.C. Code
§ 24-221.01 (Education good time).  Currently, Plaintiff is being
deprived of his "right" to participate in education and vocational
training because RCI does not have any marketable vocational oppor-
tunities available to Plaintiff other than the one which he has
already taken.  See 28 C.F.R. §§ 541.12(10) and 544.50 et seq.; also
Miller v. Herman, 804 F.2d 421, 424 (7th Cir. 1986).


### RELIEF REQUESTED

In light of the true allegations herein, plaintiff requests
the following from this Honorable Court:


- 11 -

**(1)**    That this Honorable Court issue a declaratory order
stating that the BOP and its officials have violated the
Congressional directive codified in D.C. Code § 24-101
(b) and the Department of Justice regulations codified
at 28 C.F.R. §§ 541.12(10) and 544.50 et seq., because
they have failed to provide Plaintiff with the oppor-
tunity to exercise his regulatory right and responsi-
bility to participate in the vocational training pro-
grams and educational classes;

**(2)**    That this Honorable Court issue an injunctive order com-
pelling the BOP and its officials to provide Plaintiff
with the same marketable vocational opportunities as they
provide to similarly situated District of Columbia cod
offenders housed in federal facilities;

**(3)**    That this Honorable Court order any other relief that
the Court deems necessary, just, and proper.


**WHEREFORE,** the Plaintiff, Stevan Boulware, moving pro se, res-
pectfully requests that this Honorable Court favorably rule on this
civil action pursuant to the Civil Rights Act and/or the Adminis-
trative Procedure Act.

Respectfully submitted,

Stevan Boulware

- 12 -

## APPENDIX A:

### ADMINISTRATIVE REMEDIES

| Page | Date & Description |
|---|---|
| 1 | April 17, 2006; Attempt At Informal Resolution |
| 2 | May 9, 2006; Step 1 Administrative Remedy |
| 3 | May 16, 2006; Step 1 Response |
| 4 | June 5, 2006; Step 2 Administrative Remedy |
| 5 | June 23, 2006; Step 2 Response |
| 6 | July 13, 2006; Inmate Request to Thomas Christensen |
| 7 | July 17, 2006; Christensen's response |
| 8 | August 23, 2006; Regional Administrative Remedy Appeal |
| 9 | September 11, 2006; Regional Appeal Response |
| 10 | September 29, 2006; Central Office Administrative Remedy Appeal |
| 11 | October 12, 2006; Central Office Response |



## GEO/RCI ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

4-24-06

Date Rcv'd _AB_
(Staff)

To: _A. Bracy_
(Counselor)

1. Write in this space, briefly, your complaint. Include all details and facts which support your request. I recently requested to be placed in the Custodial Maintenance Vocational Program and I was told the class was inactive at the time. The Academic Counselor is denying me the right to program, because I can't find a teacher I can't program. It's been two years I'm told that class has been inactive.

2. What action do you wish to be taken to correct the situation? I'm asking for a Vocational Program Transfer to Institution that offers Active Vocational Programs, Better Vocational Programs.

Stevan Boulware / Stevan Boulware      32755-007      C-3 213U      4/17/06
Inmate Name/Signature          Reg. No.          Unit/Bed        Date

3. State Clearly staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate. There is an inactive status on that program. Should you wish to be transferred for academic reasons, talk with your Case Manager

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Informal Resolution Was/Was Not (circle one) accomplished for the above noted reason.

_Stevan Boulware_        8/1/06        [signature]        5-1-06
Inmate Signature        Date        Counselor Signature        Date

**FILED**
Revised 04/21/04
pch

DEC 14 2006

06 2137

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**GEO**
GLOBAL EXPERTISE IN OUTSOURCING

**Correctional Programs**
**Administrative Remedies**

## Rivers Correctional Institution
## Step 1 Administrative Remedy Form
Paso 1 Forma De Remedio Administrativo

| Name: Nombre: | Stevan Boulware | Number: Numero: | 32755-007 |
|---|---|---|---|
| Date: Fecha: | 5/9/06 | Housing Assignment: Unidad Asignada: | C-3 Powerwash |

| For Official Use Only - Para Uso Oficial Solamente | | | |
|---|---|---|---|
| Date Rec'd: | Complaint #: | Staff Assigned: | Date Due: |
|  |  |  |  |

| Complaint - Reclamo |
|---|

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....) Attach one (1) additional page if necessary, and the Informal Resolution Form with any other supporting documentation.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

I'm asking for a Vocational Program transfer. My Case Manager informed me that because of a shot I caught last year, I would not be transferred. In the Inmate Handbook (Pg. 42 sec. 10) it states and I quote "you have the right to participate in education, vocational training and employment as far as resources". Nowhere does it say a write up can prevent me from Programming.

*Stevan Boulware*

**Inmate Signature**



The GEO Group, Inc.

Administrative Remedy

Step 1 – Response

| | | | |
|---|---|---|---|
| Date Filed: | 05/16/06 | Remedy ID No.: | 06-102 |
| Inmate Name: | Steven Boulware | Reg #: | 32755-007 |

This is in response to your Step 1 Administrative Remedy dated May 9, 2006. You are requesting a transfer for educational opportunities, vocational training and employment opportunities.

Since you have been here since March 18, 2004, you are eligible for consideration of a transfer. Your next Program Review is scheduled for July 12, 2006, at that time you will be taken in consideration for a transfer. If you are interested in Programs outside of our Institution you may want to bring the appropriate information so this paperwork may be prepared.

PS 5100.07, Chapter 10, page 8 Section f, references "An inmate is ordinarily transferred for specialized training programs only if the security level of the institution offering the training program is commensurate with the security or custody level of the inmate." Remember this will be just a recommendation and the Regional Office makes the final decision.

After viewing all available information, there is sufficient information to validate your statement.

If you are not satisfied with this response, you may obtain a Step 2 form your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response".

5-22-06
_____
Date

_____
David Farmer, AW-Programs



**Correctional Programs**
**Administrative Remedies**

# Rivers Correctional Institution
## Step 2 Administrative Remedy Form
Paso 1Forma De Remedio Administrativo

| Name: Nombre: Stevan Boulware | Number: Numero: 30755-007 |
|---|---|
| Date: Fecha: 6-5-06 | Housing Assignment: Unidad Asignada: C-5  Powerwash |

| For Official Use Only - Para Uso Oficial Solamente | | | |
|---|---|---|---|
| Date Rec'd: 6/6/06 | Complaint #: 06-102 | Staff Assigned: Powell | Date Due: 6/13/06 |

## Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....) Attach one (1)additional page if necessary.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

The Custodial Maintenance Vocation Program has been inactive for the past 2 years to my knowledge + I've completed majority of the programs here. I'm asking for a vocational program transfer now, what difference would it make waiting until my next program Review? You say I'm eligible for consideration of a transfer but at the same time you say I have the right to participate in education and vocational training, Allow me to take advantage of all opportunities given to me because at the present time rivers cannot. Thank you

_Stevan Boulware_
Inmate Signature

Administrative Remedy
Step 2 -- Response

Date Filed:                                    Remedy ID No.: 06-102

Inmate Name:    Boulware, Steven    Reg #:    32755-007

This is in response to your Step 2 Administrative Remedy dated June 5, 2006 in which you are wanting to be transferred for Vocational Programming.

As mentioned in your Step 1 response,  you are eligible for consideration for a transfer. Your next Program Review is scheduled for July 12, 2006,  at this time you will be considered for a transfer. Please work with your Unit Team to ensure pertinent information is acquired before your review.

Based on the above information and facts, your request for Step 2 Administrative Remedy is denied.  You have exhausted  all of your Administrative Remedies at this level.

6-23-06
Date

David Farmer, AW Programs

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF

| TO: (Name and Title of Staff Member) Thomas. B. Christensen, SSI M | DATE: 7/13/06 |
|---|---|
| FROM: Stevon Boulware | REGISTER NO.: 32765-007 |
| WORK ASSIGNMENT: Powerwash | UNIT: C-5 |

SUBJECT: (Briefly state your question or concern and the solution you are request
Continue on back, if necessary. Your failure to be specific may result in no act
taken. If necessary, you will be interviewed in order to successfully respond to
request.)

With respect to A.W David Farmer response to the Step 1 & Step 2 I don't
understand why It's so difficult to get a vocational Program transfer. The Custodial
Maintenance Vocational Program is still Inactive at the present time, as well as the
Life skills program (in which I've completed Part 1 of). I've been here over two ye
they have not offered any new programs. I would like to be transferred to an
Institution that offers better vocational programs. The Educational Department here
offers very little opportunities at the present time. A transfer now would better prep
me for the future, I would be able to take advantage of more opportunities. I w
to my Unit team yesterday, I was told they put me in for a vocational transfer and
they were awaiting a response.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP).                This form replaces BP-148.070  ated
                                                     and BP-S148.070 APR 94

U.S. Department of Justice

*Federal Bureau of Prisons*

---

Boulware, Stevan
Reg. No.: 32755-007
Unit: C05-213L

### Inmate Request to Staff Response

This is in response to your Inmate Request to Staff dated July 13, 2006, wherein you request assistance concerning a vocation program transfer.

Your request was addressed appropriately by an official at Rivers Correctional Institution. If you are not satisfied with the responses to your Step 1 and Step 2, and your issue is an appealable issue, you may appeal to the Federal Bureau of Prisons as stated in Rivers' Administrative Remedy Policy, RCI-12.006 policy. This is the purpose of the institution's administrative remedy program. This policy is available to you in the law library.


Thomas R. Christensen                    7/17/06
Senior Secure Institution Manager        Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Boulware, Stevan    K    32755-007    C-05    Rivers Corr. Inst.
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I'm separating this issue, only to include only the issue of the denial of marketable program opportunities. (*Vocational Training*). Simply put, Rivers Correctional Institution does not offer me any more marketable vocational opportunities. See 28 C.F.R. § 544.50. Thus, the right to participate in "education, [and] vocational training..." See 28 C.F.R. § 541.12 (10)(Inmate rights and responsibilities). The BOP has been charged with responsibility of ensuring that I obtain education and training. See D.C. Code sec. 24-101(b). I am being denied the right to program.

8/23/06 _____        Stevan Boulware _____
  DATE        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 3 0 2006

Privatization Mgt. Branch

_____        _____
  DATE        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: 422825-R2

**Part C - RECEIPT**

  CASE NUMBER: _____

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
  DATE        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN-LVN        PRINTED ON RECYCLED PAPER        BP-23 X(13)
        JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 11, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      PRIVATIZATION MGT. BRANCH

TO  : STEVEN BOULWARE, 32755-007
      RIVERS CI    UNT: C    QTR: C05-213L
      P.O. BOX 840
      WINTON,  NC 27986


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 422825-R2       REGIONAL APPEAL
DATE RECEIVED   : AUGUST 30, 2006
SUBJECT 1       : VOCATIONAL TRAINING
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : THIS ISSUE IS NOT APPEALABLE TO THE BOP.  YOU MUST
                  USE THE GRIEVANCE PROCEDURES AT YOUR FACILITY.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Boulware          Steven          32755-007     C-5        Rivers Corr. Inst.
_____LAST NAME, FIRST, MIDDLE INITIAL_____  ___REG. NO.___   _UNIT_   ___INSTITUTION___

**Part A - REASON FOR APPEAL** This BP-231 is advanced to this office via Certified Mail No.: 7002 3150 0004 2814 3988. The response rendered with respect to the BP-230 is flawed and unfair. There has been at least two (2) inmates at RCI that have raised the issue of NO Vocational programs at RCI. The PMB reach the merits of their BP-230. See Case No.: 415833-R1, Gerald Marshall, and Case No.: 415829-R1, Charles Forrester, respectively. I want the same fair opportunity.

Thus, because the issue raised in the BP-230 was evaded by the PMB, I am compelled to reiterate my complaint as it was raised in the accompanying BP-230, which is hereby incorporated by reference.

_____9/29/06_____                                    _____Steven Boulware_____
DATE                                                 SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
OCT - 3
Administrative Remedy Section

_____                    _____
DATE                               GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE         CASE NUMBER: _____

**Part C - RECEIPT**                CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                    _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER                      BP-231(13)
                                                                JUN 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 12, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : STEVEN BOULWARE, 32755-007
      RIVERS CI      UNT: C      QTR: C05-213L
      P.O. BOX 840
      WINTON,  NC 27986


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 422825-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2006
SUBJECT 1       : VOCATIONAL TRAINING
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : THIS ISSUE IS NOT APPEALABLE TO THE BOP.  YOU MUST
                  USE THE GRIEVANCE PROCEDURES AT YOUR FACILITY.



## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Steven Boulware

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 32755-007

### DEFENDANTS

Federal Bureau of Prisons, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR'

AT

CASE NUMBER   1:06CV02137

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 12/14/2006

### II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government          ☐ 3 Federal Question
   Plaintiff                    (U.S. Government Not a Party)

☒ 2 U.S. Government          ☐ 4 Diversity
   Defendant                    (Indicate Citizenship of Parties
                                 in item III)

### III CITIZENSHIP
FOR PLAINTIFF A

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)** OR **☒ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act



| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>**\*(If pro se, select this deck)\*** | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions - (if Privacy Act)<br><br>\*(If pro se, select this deck)\* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

DATE 12.14.06   SIGNATURE OF ATTORNEY OF RECORD   NCO

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.