FILED
DEC 14 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Stevan Boulware

    Plaintiff,

v.                              Civil Action No. _____ 06 2137

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.

PLAINTIFF'S MOTION REQUESTING THE COURT
TO GRANT PLAINTIFF PERMISSION TO JOIN
CIVIL COMPLAINT ACTION NUMBER 06-1954
IN ACCORDANCE WITH RULE 20(a)
OF THE FEDERAL RULES OF CIVIL PROCEDURE

    **Comes now**, the Plaintiff, moving **pro se**, and hereby requests the Court to grant Plaintiff permission to join the current civil action filed in the United States District Court for the District of Columbia under Forrester v. Federal Bureau of Prisons, et al. The case is assigned civil action number 06-1954. Plaintiff advances this motion to the Court pursuant to Fed. R. Civ. P., Rule 20(a) (Permissive Joinder). Carabillo v. Ullico, Inc., 357 F.Supp.2d 249, 255 (D.D.C. 2004). In support of this motion, Plaintiff asserts the following:

    1. On or about October 3, 2006, Charles E. Forrester, Jr., submitted a civil complaint to the Court under Title 42 U.S.C.

4

§ 1983. On October 17, 2006, Mr. Forrester's application to proceed **in forma pauperis** was granted by the Court, and filed on November 15, 2006, under the foregoing civil action number.

2. Within Mr. Forrester's civil complaint, he asserts that the Federal Bureau of Prisons (hereinafter "BOP") and its officials have, and are currently violating their <u>mandatory</u>, nondiscretionary obligation to ensure that Mr. Forrester and similarly situated D.C. Code offenders such as Plaintiff receive "education" and "training" as mandated by the Congressional directive set forth in § 11201(b) of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law 105-33, 111 Stat. 251, 734 (codified at D.C. Code § 24-101(b) (2001)).

3. In addition, Mr. Forrester asserts in his civil complaint that the BOP is currently violating his regulatory "right" to participate in "education" and "vocational training" as prescribed in 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities), and 28 C.F.R. § 544.50 et seq. (Occupational Educational Programs), respectively.

4. Mr. Forrester also asserts in his civil complaint that because he is being deprived of the benefit and right to participate in "education" and "training" as set forth in D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10), he is being denied the equal protection of the laws and his liberty interest without the due process of law.

5. Mr. Forrester seeks in his complaint declaratory and injunctive relief only. Likewise, Plaintiff seeks the same relief.

6. Plaintiff, within his civil complaint, asserts that he is being deprived of his "**right**" to participate in "**education**" and "**training**" as prescribed in D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10). Plaintiff asserts that the issue, the law, and regulations outlined in his complaint are identical to Mr. Forrester's complaint. Thus, Plaintiff asserts that he should be allowed to join Mr. Forrester's civil complaint.

7. There are two prerequisites for permissive joinder of parties:

> **(1)** a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and **(2)** a question of law or fact common to all of the parties must arise in the action.

M.K. v. Tenet, 216 F.R.D. 133, 138 (D.D.C. 2002). Plaintiff asserts that he has completed virtually all of the programs that are offered at his current address. Plaintiff asserts in his complaint that he has requested to be placed in a marketable vocational program which may help Plaintiff live a successful and law-abiding life within the community. Plaintiff asserts in his complaint that he has a right to participate in education and vocational training. Plaintiff asserts in his complaint that he has been denied his right to programs

- 3 -

subsequent to the Defendants depriving Mr. Forrester of the same right to participate in education and training.

8. Mr. Forrester and Plaintiff are both asserting that the BOP has failed in their duty to ensure that the D.C. Code felons housed at Rivers Correctional Institution (hereinafter "RCI) receive "education" and "training". Specifically, the issue before this Court in both the Forrester matter and the instant matter is whether or not the BOP is in violation of D.C. Code § 24-101, which expressly states that:

> "[D.C. Code felons] shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons shall be responsible for the custody, care, subsistence, education, treatment, and training of [D.C. Code felons]." [Emphasis added.]

D.C. Code § 24-101(b) (2001). Ibrahim v. D.C., 134 DWLR 2335 (September 8, 2006) (Judge Griffith). In addition, the issue before the Court in both the Forrester matter and the instant matter is whether the BOP is currently depriving the vast majority of D.C. Code offenders housed at RCI their "right to participate in education, [and] vocational training", as prescribed in 28 C.F.R. § 541.12(10).

9. With respect to the first prong of Rule 20(a), Plaintiff asserets that the BOP's acts and omissions pertaining to the

consistent **denial of education** and vocational opportunities to D.C. code offenders are "logically related" events that the Court can regard as "arising out of the same transaction, occurrence or series of transactions or occurrence". Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). See supra, paragraph **7** and **8**. Plaintiff asserts that all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. Mosley, 497 F.2d at 1330 (citing 7 C. Wright, Federal Practice & Procedure § 1653 at 270 (1972 ed.)). See supra, paragraph **5**.

10. Turning to the second prong of Rule 20(a), Plaintiff asserts that his claims are related to Mr. Forrester's claims by a common question of law or fact. One question of law or fact common to Plaintiff and Mr. Forrester is whether the BOP's failure to ensure that D.C. Code offenders receive "education" and "training" prevents Plaintiff and Mr. Forrester from reaping the benefits of D.C. Code § 24-101(b), and thus, said failure violates Plaintiff and Mr. Forrester's "right" to participate in "education" and "vocational training" as prescribed in 28 C.F.R. § 541.12(10). See supra, paragraph **8**. Disparte v. Corporate Executive Board, 223 F.R.D. 7, 11 (D.D.C. 2004) (the second prong of Rule 20(a) requires only that there be some common question of law or fact as to all of the plaintiffs' claims, not that all legal and factual issues be common to all the plaintiffs); United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) ("[u]nder the rules, the impulse is toward

- 5 -

entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged"). Plaintiff asserts that he has satisfied the requisites of Fed. R. Civ. P., Rule 20(a). See supra, paragraph 7.

11. Plaintiff asserts that the issue and facts before this Court in the Forrester case are essentially identical to the issue and facts that Plaintiff asserts in his civil complaint. The statute and regulations in the Forrester matter are identical to the statute and regulations that Plaintiff asserts in his civil complaint. Both Plaintiff and Mr. Forrester are District of Columbia Code offenders. The Defendants in the Forrester matter are the same defendants named in Plaintiff's complaint. The relief sought in the Forrester matter is the very relief that Plaintiff is seeking. Thus, Plaintiff asserts that both prongs of Rule 20(a)'s joinder requirement are satisfied. "The purpose of Rule 20 is to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." M.K. v. Tenet, 216 F.R.D. 133, 137 (D.D.C. 2002). Therefore, the Defendants in the Forrester civil action (who are also the exact same defendants in this civil action) will not be prejudiced in the least by an order from this Court granting Plaintiff's motion pursuant to Fed. R. Civ. P., Rule 20(a).

**WHEREFORE**, plaintiff prays that the Court will, in the interest of justice, fairness, and efficiency, grant Plaintiff's request to join the civil action in <u>Forrester v. Federal Bureau of Prisons, et al.</u>, civil no. 06-1954, in accordance with Fed. R. Civ. P., Rule 20(a).

11-21-06

Respectfully submitted,

*/s/ Stevan Boulware*

Stevan Boulware
Fed. Reg. No. 32755-007
Rivers Correctional Institution
P.O. Box 630
Winton  NC  27986-0630