UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVAN BOULWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-2137 (HHK) |
| | ) |
| BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants Federal Bureau of Prisons, Harley Lappin, Scott Stermer, Harrell Watts, and Thomas Christenson, in their official capacity only, respectfully request that this Court dismiss Plaintiff's claims in their entirety.  Defendants respectfully refer the Court to the attached memorandum in support of this motion.  A proposed order is also attached hereto.

Pro se Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney

        555 Fourth Street, N.W. - Civil Division
        Washington, D.C.  20530
        (202) 514-9150 (telephone)
        (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVAN BOULWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-2137 (HHK) |
| | ) |
| BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants Federal Bureau of Prisons, Harley Lappin, Scott Stermer, Harrell Watts, and Thomas Christenson, in their official capacity only,[1] respectfully request that this Court dismiss Plaintiff's claims in their entirety.

### BACKGROUND

Plaintiff in this action is District of Columbia inmate Stevan Boulware (Inmate #32755-007). He is currently serving a 51 year sentence for Murder II While Armed and Assault with the Intent to Kill. Boulware's projected release date is May 11, 2020. See Inmate Information. Plaintiff is currently housed at the Federal Correctional Institution ("Rivers FCI") in North Carolina. See Inmate Information.

---

[1] Although Plaintiff asserts that his claims are against defendants in their official and individual capacity, he seeks only injunctive relief relating to Bureau of Prisons programs, and not money damages for constitutional violations. Thus because defendants can carry out any Court order only in their official capacity, his claims are against defendants in their official capacity only. See, e.g., Brancaccio v. Reno, 964 F.Supp. 1, 2 n.4 (D.D.C. 1997), aff'd 1997 WL 634544 (D.C. Cir. 1997).

Plaintiff brings Due Process and Equal Protection claims and seeks injunctive and declaratory relief. Compl. p.3-5. Though not clearly stated, Plaintiff appears to argue that he has a right to rehabilitation and that he is being deprived of viable educational/training programs at Rivers FCI that could help promote his rehabilitation. Compl. p.3-5. In particular, Plaintiff states that the BOP is obligated under the National Capital Revitalization and Self-Government Act of 1997 to provide him with more training than what has been provided to him at Rivers FCI. Id. Plaintiff indicates that he has completed "the Heating, Ventilation, and Air Conditioning Technology course" and has "exhausted his academic opportunities at RCI." Compl p.9-10. Plaintiff also asks the court to, if need be, "convert" this matter into an action under the Administrative Procedure Act ("APA"). Compl. p.4.

Plaintiff names the following defendants: (1) the Federal Bureau of Prisons; (2) BOP Director, Harley Lappin; (3) BOP Contracting Officer, Scott Stermer; (4) BOP National Inmate Appeals Administrator, Harrell Watts; and (5) BOP Institution Manager, Thomas Christensen. Records reflect that none of these defendants were properly served and that defendant Scott Stermer was not employed by the BOP at the time the alleged events occurred.

## ARGUMENT

### I. Plaintiff Does Not Have a Constitutional Right to Participate in a Particular Training Program

#### A. Plaintiff has no "liberty interest" with regards to this matter

Plaintiff's claim that additional training/vocational programs or a transfer is required falls short. "[Inmates have] no constitutional right to a specific educational or vocational program in prison or in not being transferred to another institution where the educational or vocational

4

programs are less comprehensive. It is well settled that an inmate has no constitutional right to be rehabilitated." Archer v. Reno, 877 F.Supp. 372, 377 (E.D. Ky. 1995) (relying on Rhodes v. Chapman, 452 U.S. 337, 348 (1981)). "Likewise, that existing programs are inadequate to serve any rehabilitative purpose does not violate the constitution. Prisoners have no enforceable constitutional right to rehabilitative programs." Capps v. Atiyeh, 559 F.Supp. 894 (D. Or. 1982) (citing Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982)).

An inmate does not have a constitutional right to "desirable aids to rehabilitation." Rhodes v. Chapman, 452 U.S. 337 (1981). There is no constitutional right to specific programs or "in not being transferred to another institution where the educational or vocational programs are less comprehensive." Archer v. Reno, 877 F.Supp. at 377.

In Archer, thirteen female inmates attempted to prevent their transfer from FMC Lexington because they wanted to complete an apprenticeship in the dental lab that would lead to certification as a Journeyman Dental Technician. Id. The court rejected their claim because they had no "vested interest in working in the dental lab," no constitutional right to participate in that particular program, and "no constitutional right to be rehabilitated." Id. Similarly, in Byrd v. Mosely, 942 F.Supp. 642, 643 (D.D.C. 1996), an inmate was prevented from participating in a program that provided prison tours and counseling to young people. Byrd, 942 F.Supp. at 643. The Court rejected his claim under the Eighth and Fifth Amendments because "an inmate has no constitutional right to participate in a particular educational or vocational program." Id. at 644. Likewise, in Garza v. Miller, 688 F.2d 480, 482 (7th Cir. 1982), cert denied, 450 U.S. 1150 (1983), the plaintiff was subject to increased security regulations. Garza, 688 F.2d at 482. However, this increased security did not violate his constitutional rights in regard to employment

because he did not "have a property or liberty interest in prison employment, or increased recreation and educational courses." Id. at 485.

Like the plaintiffs in Byrd, Franklin and Garza, Plaintiff does not have a property or liberty interest in participating in training programs at Rivers FCI. Accordingly, his constitutional claims should be rejected because there is no constitutional right to participate in a particular educational or vocational program.[2]

### B.    Plaintiff has shown no equal protection violation

The Equal Protection Clause demands that the government apply its laws in a rational and nonarbitrary manner. See Plyler v. Doe, 457 U.S. 202, 216 (1982); Pryor-El v. Kelly, 892 F.Supp. 261(D.D.C. 1995). However, "the conscious exercise of some selectivity in enforcement is not itself a federal constitutional violation." Pryor-El, 892 F.Supp. at 270 (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962).

For an equal protection claim to be validated in the prison context, an inmate who is not in a protected class must establish two necessary predicates. First, the inmate must establish that he or she was treated differently than other prisoners in his or her circumstances. Id. (citing Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 650 (D.C.Cir. 1987). Second, he

---

[2] To the extent that Plaintiff is also arguing that the lack of training/vocational programs at FCI Rivers violates his constitutional right to earn good time credits, this argument is also unpersuasive. Federal inmates have, in the past, brought forth the notion that Due Process violations are spawned when they have been deprived of the opportunity to earn good time through participation in vocational training. Courts consistently reject this claim: "[q]uite simply, deprivation of education or training alone does *not* violate the Constitution." Tanner v. Federal Bureau of Prisons, 433 F Supp. 2d 117, 123 (D.D.C. 2006) (emphasis added). That remains the case here as Plaintiff's participation in training at Rivers FCI is *not* an interest protected by the Due Process Clause.

6

or she must establish that such unequal treatment was the result of intentional or purposeful discrimination. Id.

Plaintiff's claim fails under this level of scrutiny. As an initial matter, Plaintiff is not similarly situated to D.C. offenders being housed in different facilities – for purposes of an equal protection claim, he must be compared to "persons confined as he was confined, subject to the same conditions to which he was subject." See Koyce v. United States Board of Parole, 306 F.2d 759, 762 (D.C. Cir. 1962); Moss v. Clark, 886 F.2d 686 (4th Cir. 1989) ("District of Columbia prisoners do not become similarly situated to prisoners in federal facilities with regard to parole eligibility simply because both were sentenced in the District of Columbia Superior Court under the District of Columbia Code. "). In this action, Plaintiff merely claims that he is being treated differently than other inmates who were placed in *other prison camps*. Thus, for purposes of his equal protection claim, Plaintiff is comparing himself to the wrong set of inmates.

Second, Plaintiff has not shown the requisite proof of different treatment or intent to discriminate on the part of BOP officials. See McCleskey v. Kemp, 481 U.S. 279, 297 (1987) (holding that a complaining party must show "*exceptionally clear proof*" that the government abused its discretion) (emphasis added). Absent any showing at all, this claim is without merit.

## II.     Plaintiff Fails to State a Claim Under the APA

Plaintiff claims the BOP violated the APA by denying him additional educational and training opportunities beyond the HVAC program that he has already completed. In particular, he asserts that the BOP failed to adhere to a mandate established in D.C. Code § 24-101(b), in which Congress gave the BOP oversight of all felons convicted within the District of Columbia. Part of this oversight, Plaintiff contends, is a responsibility to provide education and training to

inmates.

It is true that D.C. Code § 24-101(b) does grant the BOP authority to oversee D.C. felons and part of this oversight includes the provision of educational and training opportunities. However, the language in the statue does not specify any detailed educational or training program and does not confer either a property or a liberty interest in particular education or training. Furthermore, the statute does not mention any right to training in general. D.C. Code § 24-101(b). The statute merely outlines the fact that training and educational opportunities are to be made available to inmates. Opportunities have been made available to Plaintiff, as he acknowledged in his complaint. Compl. p.11.

In essence, Plaintiff is asserting that he has a right to participate in a prison training of his choice and this right simply does not exist. Prison rehabilitation and training opportunities are not a constitutional right, but rather a privilege. Hayes v. Cuyler, 475 F.Supp. 1347, 1350 (E.D. Pa.1979) citing Green v. United States, 481 F.2d 1140 (D.C. Cir. 1973); Preston v. Ford, 378 F.Supp. 729, 730 (E.D. Ky.1974); United States v. Pate, 229 F.Supp. 818, 819 (N.D. Ill.1964); Mercer v. United States Medical Center for Federal Prisoners, 312 F.Supp. 1077, 1079 (W.D. Mo.1970).

Under 5 U.S.C. §701(a), if an agency action under consideration (placement, classification, designation) is committed to agency discretion by law, or a statute precludes judicial review, the agency action is unreviewable under the APA. 5 U.S.C. §701(a). Section § 701(a)(2) provides an exception to the general presumption of reviewability in cases in which the action is committed to agency discretion by law. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971). This exception applies "when the statute granting agency discretion

8

is so broad that it provides no law for courts to apply when reviewing agency action." <u>Haitian Refugee Center, Inc. v. Baker</u>, 953 F.2d 1498, 1507 (11th Cir.), <u>cert denied</u>, 112 S.Ct. 1245 (1992).

If a statute is written so broadly that there is no law to apply, a court's review of agency action would be essentially unguided. Then, by the language of the statute, the action is committed to the agency's discretion. "Only if a specific statute somehow limits the agency's discretion to act is there sufficient 'law to apply' as to allow judicial review." See <u>Greenwood Utilities Com'n. v. Hodel</u>, 764 F.2d 1459, 1464 (11th Cir. 1985).

18 U.S.C. §3621 provides the BOP with the custody of inmates sentenced to a term of imprisonment. Among the duties delegated to the BOP is the classification of inmates. <u>See</u> 18 U.S.C. §4001(b). These enabling statutes are broadly written and direct the BOP to perform various functions regarding both sentenced and pre-trial inmates. Since the statutes do not provide specific direction as to how these mandates are to be accomplished, the agency's discretion is not limited, the matters are left to agency discretion, and there is no law for the court to apply in a judicial review under the APA.

Plaintiff challenges the absence of additional vocational/training programs under the APA through a civil action yet points to no authority which mandates the specific quantum and type of vocational/training programs that must be provided. As such, decisions such as these are not subject to judicial review and this Court does not have subject matter jurisdiction to entertain this case.

### III.   Plaintiff Fails to Satisfy the Heavy Burden for Obtaining Injunctive Relief

If the Court chooses to consider this motion for an injunction while considering the merits

of the complaint, this extraordinary remedy is not appropriate. The District Court for the District of Columbia has explained that in determining whether to enter a permanent injunction,

> . . . the Court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction.

American Civil Liberties Union v. Mineta, 319 F. Supp. 2d 69, 87 (D.D.C. 2004)(citation omitted).

### A.    Plaintiff will not succeed on the merits

As stated above, Plaintiff does not have a property or liberty interest in participating in training programs at Rivers FCI. Furthermore, the equal protection claim fails as he does not establish that he was treated differently than other inmates in his circumstances nor does he establish that the unequal treatment was the result of intentional or purposeful discrimination.

### B.    Plaintiff will not sustain an irreparable injury if the injunction is not granted

In this case, Plaintiff has yet to explain how an injunction will prevent immediate and irreparable harm. Plaintiff must not only show that the alleged harm "will *in fact* occur" but must also show that the injury complained of is "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff has not demonstrated the type of irreparable and imminent harm necessary to warrant relief.

### C.    Balancing the hardships, there is harm to defendants or other interested parties

The relief Plaintiff seeks would substantially injure the BOP by compromising its

decision making authority under the statutes and case law. Given the limited resources and personnel available, the BOP has a need for discretion to determine such matters as what training programs it can offer, when such training will be offered, and the admissions criteria for entrance into such training programs.

> D. **Public interest does not favor granting the injunction**

The public interest does not favor the granting of the injunction. The matters challenged by the Plaintiff are matters within the exclusive authority of the BOP. The BOP's decisions regarding this inmate have been in compliance with BOP policy. Thus, the public interest in having safe prisons administered by the BOP would be safeguarded by the denial of this request for injunctive relief.

> E. **No injunctive relief may be awarded without meeting the specific preliminary injunctive relief requirements of the PLRA at 18 U.S.C. §3626(a)(2)**

The statute governing prospective relief in the Prison Litigation Reform Act (PLRA), codified at 18 U.S.C §3626(a)(2), puts substantial limits on injunctive relief. Specifically, the act provides, "prospective relief in any civil action with respect to 'prison conditions' (defined by the Supreme Court in Porter v. Nussle, 534 U.S. 516, 525 (2002), as 'any aspect of prison life') shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any injunctive relief unless narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm." Further, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." The court must make ***particularized findings*** with respect

to the requirements of the act, and must be more than mimicking the language of the statute, as discussed in Cason v. Seckinger, 231 F.3d 777 (11th Cir. 2000); see also, Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002).

The legislative history regarding these restrictions was set out in Thompson v. Gomez, 993 F.Supp. 749, 754-55 (N.D. Cal.1997), rev'd on other grounds, Gilmore v. People of the State of Cali., 220 F.3d 987, 1005 (9th Cir. 2002):

The legislative reports on the bill reflect these Congressional intentions:

> By requiring courts to grant or approve relief constituting the least intrusive means by curing an actual violation of a federal right, the provision stops judges from imposing remedies intended to effect an overall modernization of local prison systems or provide an overall improvement in prison conditions.  The provision limits remedies to those necessary to remedy the proven violation of federal rights.  The dictates of the provision are not a departure from current jurisprudence concerning injunctive relief [which provides that] ... injunctive relief must be no broader than necessary to remedy the constitutional violation.  H.R.Rep. No. 21, 104th Cong., 1st Sess., pt. 2, p. 34 (1995) (citations and quotations omitted).

See also Hadix v. Johnson, 182 F.3d 400 (6th Cir. 1999) (Michigan prison system access-to-courts litigation); Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001) (disabled inmates sought injunctive relief, using ADA/Rehabilitation Act as federal right).

There is no jurisdiction to proceed with this litigation, and defendant has shown that plaintiff's other arguments should be rejected, so there is no likelihood of success in this litigation.  There is insufficient legal harm alleged, and granting preliminary prospective relief would have an adverse impact upon public safety and the operation of the federal criminal justice system.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed in their entirety and judgment should be entered in defendant's favor.

                                      Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

_____I certify that on May 3rd, 2007, a true and correct copy of the foregoing was sent by first class mail, postage prepaid to:

    STEVAN BOULWARE
    R #32755-007
    RIVERS CORRECTIONAL INSTITUTION
    P.O. Box 630
    Winton, NC 27986

                                  _____/s/_____
                                  Quan K. Luong
                                  Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVAN BOULWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 06-2137 (HHK) |
| | ) |
| BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**<u>ORDER</u>**

Upon consideration of Defendants' Motion to Dismiss, the relevant law, and the entire record herein, it is this _____ day of _____, 2007

ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

Further ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE