IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


STEVAN BOULWARE,

     Plaintiff,


v.
                           Civil No. **06-2137(HHK)**


Bureau of Prisons, <u>et</u> <u>al.</u>,

     Defendants.


PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT


    Comes now the Plaintiff, moving <u>pro</u> <u>se</u>, and hereby respect-
fully request this Court to deny the Defendants' motion to dismiss
Plaintiff's civil complaint, and grant him the requested relief.
In support of this opposition, Plaintiff asserts the following:



Argument

I.  Plaintiff Has A Right via 28 C.F.R. § 541.12(10) to Participate
    in Education and Vocational Training

   On page 4 of the Defendants' motion to dismiss, they claim
that "[p]laintiff does not have a constitutional right to partici-
pate in a particular training program"——which is either a mistake
on their part, or a deliberate deception. (Further, the Defendants

- 1 -

RECEIVED

JUN 11 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

have neglected to apprise the Court that there are absolutely no marketable vocational opportunities available to the Plaintiff anyway.) Notably, the Bureau of Prisons' ("BOP") regulation extends to Plaintiff the "right" to participate in "education" and "vocational training". See 28 C.F.R. § 541.12 (Inmate rights and responsibilities). That regulation expressly reads in pertinent part:

**Rights**

"You have the **right** to participate in education, vocational training and employment as far as resources are available, and in keeping with your interests, needs, and abilities." [Emphasis added.]

28 C.F.R. § 541.12(10). Plaintiff asserts that the programs available to a certain class of D.C. Code offenders housed at Rivers Correctional Institution are not available to him. Therefore, it there are no programs available to Plaintiff, then he can not exercise his "right" to participate in "education" and "vocational training"—a right which is extended to Plaintiff, from the BOP, via the regulation. Not only do the Defendants fail to refute the Plaintiff's claim that there are no programs available to Plaintiff at RCI, they also fail to even acknowledge their own regulation, 28 C.F.R. § 541.12, which grants Plaintiff the undisputed right to participate in education and vocational training. (For purposes of clarity and simplicity, the actual term "**right**" is used in the regulation, thus eliminating any ambiguity or question as to whether said right actually exists.) See Plaintiff's Complaint at pages 4, 10, and 11.

28 C.F.R. § 541.12(10) provides Plaintiff with the "right" to participate in "education" and "vocational training". Plaintiff has been deprived of at least two (2) programs. See Plaintiff's complaint at pages 4 and 5. Plaintiff should not be denied the "right" to participate in any program without due process. "To state a due process claim, [Plaintiff] must have a legal entitlement, right, or liberty interest protected under state or federal law." Rem v. U.S. Bureau of Prisons, 320 F.3d 791, 794 (8th Cir. 2003) [emphasis added]. And because "law" is commonly defined to include administrative regulations—"the plain meaning of 'law' includes regulations having the force and effect of law—28 C.F.R. § 541.12 has the force and effect of law! Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705 (1979). See U.S. v. Mitchell, 39 F.3d 465, 470 (4th Cir. 1994), cert. denied, 515 U.S. 1145 (1995).

Furthermore, the Department of Justice (of which the Bureau of Prisons is a department) promulgates its regulations through a notice-and-comment rulemaking and publishes them in the Code of Federal Regulations ("C.F.R."). 28 C.F.R. § 541.12 is one such regulation. "The fact that the Department [of Justice] proceed[s] through such rulemaking suggests that the regulatory provisions are not merely procedural, but substantive 'rules that have the force and effect of law'." Capital Area Immigrants v. U.S. Dept. of Justice, 264 F.Supp.2d 14, 24 (D.D.C. 2003) (quoting Am. Mining Cong. v. MSHA, 995 F.2d 1106, 1009 (D.C. Cir. 1993)).

On page 5 of the Defendants' motion to dismiss, they mistakenly claim that "the vocational programs in question are not liberty interests requiring due process because it is not inevitable that plaintiff would complete them and gain credits." The Defendants contention is totally without merit. Plaintiff has in the past completed nearly twenty educational and vocational programs; he has been granted nearly <u>250</u> days of educational good time credit. His program history clearly establishes the inevitability of his completing any program barring the deprivation of the programs. Now he has requested at least two vocational programs. <u>See</u> Plaintiff's complaint at    pages    4 , 5 . and 10. In fact, in accordance with D.C. law, Plaintiff will receive <u>5</u> days of good time credit per month for the completion of a program. <u>See</u> D.C. Code § 24-221.01 (Educational good time). That relevant statute explicitly provides that:

> "Every person whose conduct complies with institutional rules and demonstrates a desire for self-improvement by <u>successfully completing an academic or vocational program...shall</u> earn educational good time credits of no less than <u>3</u> days a month and not more than <u>5</u> days a month."

D.C. Code § 24-221.01(a) (2001) [emphasis added]. To deny Plaintiff his **"right"** (28 C.F.R. § 541.12(10)) to participate in the vocational programs at RCI deprives him of the opportunity to reduce the duration of his sentence within the meaning of D.C. Code § 24-221.01(a). "...[S]tate statutes or policies can create a prisoner's

liberty interest in being free from an 'atypical, significant depri-
vation' or a deprivation that 'will inevitably affect the duration
of his sentence'."  Tanner v. Federal Bureau of Prisons, 433 F.Supp.2d
117, 123 (D.D.C. 2006) (quoting Sandin v. Conner, 515 U.S. 472, 486-
87 (1995)).

To reiterate, 28 C.F.R. § 541.12(10) grants the Plaintiff the
"right" to participate in "education" and "vocational training".
Currently, Plaintiff has been denied the right to participate in
RCI's Air Conditioning, Heating & Refrigeration Technology program
("HVAC"), and Custodial Maintenance.  See Plaintiff's complaint
at    pages    4 and  5.  Plaintiff is scheduled to be released
via mandatory parole on March 5, 2011.  See Plaintiff's complaint
at    page    10.  If Plaintiff is allowed to exercise his "right"
to participate in the noted programs, he will complete the programs
well before March 5, 2011, and he will receive 5 days of educational
good time for the completion of the programs, which would "inevi-
tably affect the duration of [Plaintiff's] sentence", without any
doubt.  Sandin, 515 U.S. at 487.  It is interesting to note that
the Defendants' motion to dismiss is silent with respect to Title
28 C.F.R. § 541.12(10) and D.C. Code § 24-221.01(a).  The noted
regulation and statute give Plaintiff the "right" to participate
in "education" and "vocational training".  See 28 C.F.R. § 541.12(10)
and D.C. Code § 24-101.  D.C. Code § 24-101 expressly provides in
part that:

"...the Bureau of Prisons **shall** be responsible
for the...**education**...and **training** of [Plaintiff]."

D.C. Code § 24-101(b) (2001) [emphasis added]. The verb "shall" as
it is written in § 24-101(b) imposes upon the BOP a <u>mandatory</u>, non-
discretionary duty to ensure that the Plaintiff receives "education"
and "training". <u>Id.</u> "Where the word 'shall' appears in a statutory
directive, 'Congress could not have chosen stronger words to ex-
press its intent that [the specified action] be mandatory...'." <u>Plaut
v. Spendthrift Farm, Inc.</u>, 1 F.3d 1487, 1490 (6th Cir. 1993) (quoting
<u>United States v. Monsanto</u>, 491 U.S. 600, 607 (1981)).


   D.C. Code §§ 24-101 and 24-221.01 are not only "statutes" (i.e.
laws passed by a legislative body - Black's Law Dictionary, Eighth
Edition, pgs. 1448-1449), they are "mandatory statutes". A mandatory
statute is "[a] law that <u>requires</u> a course of action as opposed
to merely permitting it" (ibid. [emphasis added]). The Defendants'
claim that "the statutes do not provide specific direction as to
how [BOP's] mandates are to be accomplished" is incorrect, because
D.C. Code § 24-101 and 24-221.01 most certainly <u>do</u>—and for that very
reason, Defendants have carefully avoided mentioning either of those
statutes (D.C. Code §§ 24-101 and 24-221.01) <u>anywhere</u> in their Memo-
randum. (Additionally, their memorandum is entirely silent with res-
pect to 28 C.F.R. § 541.12(10)—an agency regulation promulgated by
the BOP, and to which the BOP is bound! D.C. Code § 24-101 and 28
C.F.R. § 541.12(10) are both featured <u>prominently</u> throughout Plain-
tiff's initial complaint (<u>see</u>, e.g. the "Introduction" (pages 4-5)

- 6 -

and pages 13 (an extremely prominent caption: "THE BOP IS CURRENTLY IN VIOLATION OF THE CONGRESSIONAL DIRECTIVE PRESCRIBED IN D.C. CODE § 24-101(b)...") and 17 (where the text of 28 C.F.R. § 541.12(10) occupies nearly half of the page!). Defendants' careful avoidance of the key laws involved in this litigation do nothing more than illuminate their culpability; the laws concerned are all valid laws.)

The plain and unambiguous language of D.C. Code § 24-101(b) provides that D.C. Code offenders such as Plaintiff are to receive the benefits of that statute. For the BOP to circumvent the Con-gressional mandate set forth in § 24-101(b), and not ensure that "education" and "training" programs are available to Plaintiff, is a violation of Plaintiff's due process right to participate in "edu-cation" and "vocational training" within the meaning of 28 C.F.R. § 541.12(10). D.C. Code § 24-101(b) provides Plaintiff with the due process right to receive education and training. See chiefly, D.C. Code §§ 24-221.01(a) and 24-101(b). "'...[M]andatory language in applicable state laws and regulations may suffice to create a liberty interest'." Stewart v. Gaines, 370 F.Supp.2d 293, 296 (D.D.C. 2005) (quoting Blair-Bey v. Quick, 151 F.3d 1036, 1047 (D.C. Cir. 1998) (citing Hewitt v. Helms, 459 U.S. 460, 471-72 (1983)); Rem v. U.S. Bureau of Prisons, 320 F.3d 791, 794 (8th Cir. 2003) (to state a due process claim, [Plaintiff] must have a legal entitlement, right, or liberty interest protected under state or federal law). Contrary to the Defendants' quixotic position, the statutes and the

regulations cited above certainly do create a due process protected liberty interest in education and training (which may arguably not apply to, say, Montana code offenders or Hawai'i code offenders, but **do** apply to <u>D.C. **Code offenders**</u> on account of <u>D.C. **law**</u> which is the law as set forth by the Untied States Congress). <u>See</u> Plaintiff's complaint at   pages   4 , 5 , 10, and 12(3). "Prisoner's pro se civil rights complaint...should not be dismissed for failure to state a claim unless it appears beyond doubt that prisoner can prove no set of facts in support of his claim which would entitle him to re-lief." <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1986).

On page  4 of the Defendants', motion to dismiss, they incorrectly state that "Plaintiff's claim that a transfer is required falls short as well." <u>See id</u>. This statement is not representative of anything that Plaintiff suggested in his complaint. Plaintiff never asserted in his complaint that he was entitled to a transfer. Plaintiff only sought a transfer as alternative relief; <u>see</u> Plaintiff's complaint at   page    12(3). Therefore, the Defendants' argument regarding the non-existent claim that "a transfer is required" is utterly lack-ing in merit.

- 8 -

## II.  Plaintiff Has Established a Valid Equal Protection Claim

"To demonstrate an injury in fact for an equal protection claim, '[w]hen the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtianed the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit...'." Settles v. U.S. Parole Com'n, 249 F.3d 1098, 1102 (D.C.Cir. 2005) (quoting Northeast-ern Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jack-sonville, 508 U.S. 656, 666, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993).

RCI offers the HVAC program to a class of D.C. Code offenders that are eighteen to twenty-five years old. In addition, that cate-gory of D.C. Code inmates must reside in the District of Columbia. Essentially, the noted category of D.C. Code offenders are reaping the benefits of 28 C.F.R. § 541.12(10) and D.C. Code § 24-101(b).

In their exuberance, Defendants have insisted that "[i]n this action, plaintiff merely claims that he is being treated differently than other inmates who were placed in 'other prison camps. Thus, for purposes of his equal protection claim, plaintiff is comparing himself to the wrong set of inmates." See the Defendants' motion

to dismiss at page 6. Once again, they have conveniently overlooked
a key component of the original complaint: Plaintiff has been and
is currently being deprived of the same benefits, i.e., the right
to participate in vocational programs **here at RCI**, such as the HVAC
program. See Plaintiff's complaint at    page    10. Plaintiff
is similarly situated as the younger class of D.C. Code offenders,
but yet, the benefits of § 541.12(10) and § 24-101(b) are not avail-
able to him——arbitrarily due to his age and his Maryland residency.
"The Equal Protection clause...demands that the government 'apply
its laws in a rational and nonarbitrary way; the unequal applica-
tion of a law, fair on its face, may act as a denial of equal pro-
tection'," Pryor-El v. Kelly, 892 F.Supp. 261, 269 (D.D.C. 1995)
(quoting Brandon v. District of Columbia Bd. of Parole, 823 F.2d
644, 650 (D.C. Cir. 1987) (citing Yick Wo v. Hopkins, 118 U.S. 335,
373-74 (1886); Zeigler v. Jackson, 638 F.2d 776, 779 (5th Cir.
1981))).


    Plaintiff is twenty-five years old, with a Maryland address.
Because of Plaintiff's age and address, he has been denied placement
into the Cust. Maint.  To have the  that program at RCI only for a
certain    group of D.C. Code offenders, and not provide that same
program to the older class of similarly situated D.C. Code offenders
such as Plaintiff, constitutes different treatment.  Moreover, to
deny Plaintiff  that    program or any program at RCI is to deprive
him of the "education" and "training" benefits set forth in D.C.

Code § 24-101(b).  "The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike'." Plyler v. Doe, 457 U.S. 202, 216 (1982) (quoting F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920)).  Contrary to the Defendants' erroneous contention that "plaintiff merely claims that he is being treated differently than other inmates who were placed in other prison camps," Plaintiff did in fact plead in his complaint that he was being treated differently than similarly situated D.C. Code offenders at RCI.  See Defendants' motion to dismiss at page 7 (where the misrepresentation is conveniently bold-printed, and compare to Plaintiff's complaint at pages 4 , 5 , and 10.

Plaintiff need "only show that he was part of a group that was part of a group that was denied equal treatment". See Settles v. U.S. Parole Commission, 429 F.3d 1098, 1103 (D.C. Cir. 2005) (citing to Northeastern Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 666 (1993)). See chiefly, Plaintiff's complaint at    pages   4  and 10.

Plaintiff requested the HVAC course on March 12, 2006.  On March 13, 2006, the education department denied Plaintiff the HVAC program because "[y]ou do not meet the age or residency requirement for HVAC." See Plaintiff's complaint at    page 10.    The Defendants

have intentionally used Plaintiff's age and residence as the sole reasons to deny Plaintiff his "right" to participate in the HVAC program.  The Defendants' intentional act of denying Plaintiff the HVAC program deprives him of the "...right to participate in education [and] vocational training...".  28 C.F.R. § 541.12(10).  Leis v. Flynt, 439 U.S. 438, 442 (1979) ("A claim of entitlement..., to be enforceable, must be derived from statute or legal rule or through a mutually explicit understanding").  The younger class of D.C. Code offenders are reaping the benefit of § 541.12(10), while the Defendants are intentionally depriving Plaintiff of that same benefit based on his age and Maryland residency.

In addition, with respect to the younger D.C. Code offenders, the Defendants are adhering to the Congressional mandate which states that "the Bureau of Prisons **shall** be responsible for the...education ...and training of [D.C. Code offenders]."  D.C. Code § 24-101(b).  Congress did not authorize the Defendants to ensure that one class of D.C. Code offenders receive education and training, and then deprive a class of similarly situated D.C. Code offenders of the same education and training.  See Plaintiff's complaint at    pages    4  and 10. The Defendants' are applying 28 C.F.R. § 541.12(10) and D.C. Code § 24-101(b) to **some** inmates at RCI, but **not** to the Plaintiff, and doing so based on his age and Maryland residency.  "The Equal Protection clause...demands that the government 'apply its laws in a rational and nonarbitrary way; the unequal application of a law,

- 12 -

fair on its face, may act as a denial of equal protection'." Pryor-El v. Kelly, 892 F.Supp. 261, 269 (D.D.C. 1995) (quoting Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 650 (D.C. Cir. 1987) (citing Yick Wo v. Hopkins, 118 U.S. 355, 373-74 (1886); Zeigler v. Jackson, 368 F.2d 776, 779 (5th Cir. 1981))). The Defendants are currently denying Plaintiff the Equal Protection of the laws. "Prisoner's pro se civil rights complaint...should not be dismissed for failure to state a claim unless it appears beyond doubt that prisoner can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).


III.  Plaintiff States a Claim Under the Administrative Procedure Act

On pages 7 and 8 of the Defendants' motion to dismiss, the Defendants appear to be suggesting that Plaintiff has raised a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., challenge the BOP's discretionary authority, citing to 18 U.S.C. § 3621; 18 U.S.C. § 4001(b); and 18 U.S.C. § 3625. In fact, on page 9 of the Defendants motion to dismiss, they state that, "Plaintiff challenges his inability to participate in certain training programs under the APA through a civil action. However, decisions such as these are not subject to judicial review under § 3625." See id. The statutes cited by the Defendants are misplaced and irrelevant to Plaintiff's claim that the Defendants are not adhering to D.C. Code § 24-101(b). See Plaintiff's complaint at    pages    8 through 10.

In the D.C. Circuit, it is well-settled that in 1997, Congress transferred responsibility for the imprisonment of all felons convicted under the D.C. Code from the District of Columbia to the federal government pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, 111 Stat. 712, 734-37 (codified at D.C. Code §§ 24-101 et seq. (2001 & Supp. 2005)).  See Fletcher v. Reilly, 433 F.3d 867, 870 (D.C. Cir. 2006); Settles v. U.S. Parole Com'n, 429 F.3d 1098, 1100 (D.C. Cir. 2005); Fraternal Order of Police v. Williams, 375 F.3d 1141, 1142 (D.C. Cir. 2004); Crawford v. Jackson, 323 F.3d 123, 125 (D.C. Cir. 2003); Bannum v. Bd. of Zoning Adjustment, 894 A.2d 423, 432 n. 15 (D.C. 2006).

Plaintiff asserts within his complaint that the B.O.P. has failed and is currently failing to adhere to the congressional mandate to ensure that Plaintiff receives "education" and "training".  D.C. Code § 24-101.  In fact, the relevant provision of that statute explicitly provides that:

> "[Plaintiff] shall be subject to any law or regu-
> lation applicable to persons committed for vio-
> lations of laws of the United States consistent
> with the sentence imposed, and the Bureau of Pri-
> sons shall be responsible for the custody, care,
> subsistence, education, treatment and training
> of [Plaintiff]."  [Emphasis added.]

D.C. Code § 24-101(b) (2001).  Ibrahim v. D.C., 134 DWLR 2335 (September 8, 2006) (Judge Griffith).  The verb "shall" as it is written

in § 24-101(b) imposes upon the BOP and its officials a mandatory, nondiscretionary duty to ensure that Plaintiff receives "education" and "training". Id. "Where the word 'shall' appears in a statutory directive, 'Congress could not have chosen stronger words to express its intent that [the specified action] be mandatory...'." Plaut v. Spendthrift Farm, Inc., 1 F.3d 1487, 1490 (6th Cir. 1993) (qouting United States v. Monsanto, 491 U.S. 600, 607 (1981)). See also, Cobell v. Babbitt, 91 F.Supp.2d 1, 41 (D.D.C. 1991); Association of Civil Technicians v. FLRA, 22 F.3d 1150, 1153 (D.C. Cir. 1994) (the word "shall" generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive).

D.C. Code § 24-101(b) is cast in terms of command. Therefore, this Court has law to apply to Plaintiff's assertion that the Defendants have circumvented their statutory responsibility to provide Plaintiff with the "education" and "training" benefits as required by D.C. Code § 24-101(b). Chaney v. Heckler, 718 F.2d 1174, 1186 (D.C. Cir. 1983) (where a court has law to apply, agency action is not committed to agency discretion and is subject to judicial review); Official Committee ex rel. Cybergenics v. Chinery, 330 F.3d 548 (3rd Cir. 2003) (Congress says in a statute what it means and means in a statute what it says there). In accordance with Title 5 U.S.C. § 702 (1996), Plaintiff is authorized to bring his APA claim based on the Defendants' violation of D.C. Code § 24-101(b). See chiefly, Jasperson v. Federal Bureau of Prisons, 460 F.Supp.2d 76, 83-84, 88-89 (D.D.C. 2006).

Section 702 provides, in relevant part, that:

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

5 U.S.C. § 706 (1996). Capital Area Immigrants v. U.S. Dept. of Justice, 264 F.Supp.2d 14, 22 (D.D.C. 2003). The Defendants, in citing to the misplaced statutes such as 18 U.S.C. § 3621, 18 U.S.C. § 4001(b), and 18 U.S.C. § 3625 have failed their heavy burden to establish that Plaintiff is precluded from raising his claim under the APA, asserting that the Defendants are in violation of D.C. Code § 24-101(b). Dunlop v. Bachowski, 421 U.S. 560, 567 (1975) (government bears "heavy burden of overcoming the strong presumption" in favor of judicial review).


The plain and unambiguous Congressional directive set forth in D.C. Code § 24-101(b) states that "...the Bureau of Prisons shall be responsible for the...education...and training of [Plaintiff]." Plaintiff asserted in his complaint that he should be able to benefit from the congressional mandate. See Plaintiff's complaint at page 34. However, the Defendants have failed in their statutory duty to ensure that Plaintiff receives "education" and "training" as required by D.C. Code § 24-101(b). Essentially, the Defendants are depriving Plaintiff of education and training "without observance of procedure required by law". 5 U.S.C. § 706(2)(D). The Defendants have not refuted Plaintiff's assertion that they are in violation of D.C. Code § 24-101(b).

- 16 -

The Court should enforce the terms of D.C. Code § 24-101(b).
See Echostar Satellite L.L.C. v. F.C.C., 457 F.3d 31, 35 (D.C. Cir.
2006); Apotex Inc. v. Food and Drug Admin., 414 F.Supp.2d 61, 66-
67 (D.D.C. 2006), citing to the two-step analysis announced by the
Supreme Court in Chevron USA Inc. v. Natural Resources Defense Coun-
cil, 467 U.S. 837, 842-43 (1984).   See Plaintiff's complaint at
   pages   4 through   5.   Because the Defendants are in violation
of D.C. Code § 24-101(b), this Court does have subject matter juris-
diction to entertain this case.


   Notably, on page 9 of the Defendants' motion to dismiss, they
state that "18 U.S.C. § 3621 provides the BOP with the custody of
inmates sentenced to a term of imprisonment."   See id.   With respect
to District of Columbia Code offenders, the BOP derives its autho-
rity for the custody, care, subsistence, education, treatment and
training exclusively from the National Capital Revitalization and
Self-Government Improvement Act of 1997, Pub. L. No. 105-33, Stat.
712, which is codified at D.C. Code § 24-101(b) (Felons sentenced
pursuant to the D.C. official code).   See Ibrahim v. D.C., 134 DWLR
2335 (September 8, 2006) (Judge Griffith); Fletcher v. Reilly, 433
F.3d 867, 870 (D.C. Cir. 2006); Settles v. U.S. Parole Com'n, 429
F.3d 1098, 1100 (D.C.Cir. 2005).   Because D.C. Code § 24-101(b)
imposes upon the Defendants, a mandatory, nondiscretionary duty
to ensure that Plaintiff receives "education" and "training", this
Court has law to apply with respect to Plaintiff's assertion that

- 17 -

the Defendants are currently in violation of that statute.    "Where
a Court has law to apply, agency action is not committed to agency
discretion and is subject to judicial review."  Chaney v. Heckler,
718 F.2d 1174, 1186 (D.C. Cir. 1983).  See 5 U.S.C. § 702.

In addition, because the Defendants are currently depriving
Plaintiff of his "right" to participate in "education" and "vocational
training", within the meaning of 28 C.F.R. § 541.12(10), this Court
could order relief in accordance with Title 5 U.S.C. § 706.  28
C.F.R. § 541.12(10) is a regulation that carries the force and ef-
fect of law.  See chiefly, supra, at page 3.  28 C.F.R. § 541.12(10)
can certainly provide a standard for judicial review if D.C. Code
§ 24-101(b) will not suffice.  "[E]ven if the underlying statute
does not include meaningful (or manageable) standards, 'regulations
promulgated by an administrative agency in carrying out its statu-
tory mandate can provide standards for judicial review'."  Inova
Alexandria Hospital v. Shalala, 244 F.3d 342, 346 (4th Cir. 2001)
(quoting CC Distribs., Inc. v. United States, 883 F.2d 146, 154
(D.C. Cir. 1989)).  Because 541.12(10) was promulgated by the Defen-
dants, they are bound by that regulation.  The Defendants are cur-
rently violationg Plaintiff's "right" to participate in "education"
and "vocational training"; thus, the Defendants are in violation of
28 C.F.R. § 541.12(10).  "'[I]t is a well-settled rule that an agen-
cy's failure to follow its own regulation is fatal to the deviant
action'."  Mine Reclamation Corp. v. F.E.R.C., 30 F.3d 1519, 1524

- 18 -

(D.C. Cir. 1994) (quoting respectively <u>Way of Life Television Net-</u>
<u>work Inc. v. Federal Communications Commission</u>, 593 F.2d 1356, 1359
(D.C. Cir. 1979); and <u>Union of Concerned Scientists v. Atomic Energy</u>
<u>Commission</u>, 499 F.2d 1069, 1082 (D.C. Cir. 1974)).

Based on D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10), this
Court does in fact have subject matter jurisdiction to entertain this
case in accordance with 5 U.S.C. §§ 702 and 706.  If this Court de-
termines that injunctive relief is inappropriate at the conclusion
of the proceedings, then Plaintiff is hereby requesting that the
Court enter a declaratory judgment in this case.  See <u>chiefly</u>, Plain-
tiff's complaint at    pages    12(1) and 12(3).  See also 5 U.S.C.
§ 703.

IV.    Plaintiff Has Satisfied the Requisites for Obtaining Injunctive
       Relief

On page 9 of the Defendants' motion to dismiss, they claim that
Plaintiff has "failed to satisfy the heavy burden for obtaining in-
junctive relief.  See <u>id</u>.

1.    Plaintiff will succeed on the merits in his complaint

As asserted above, Plaintiff does have a liberty interest in
education and training because the BOP's regulation provides Plain-
tiff with the exclusive "right" to participate in "education" and

"vocational training". See also supra, page 3. In addition, D.C. Code § 24-221.01(a) gives Plaintiff the right, upon the completion of an "academic" or "vocational program" to reduce the duration of his sentence. "...[S]tate statutes or policies can create a prisoner's liberty interest in being free from 'atypical, significant deprivation' or a deprivation that 'will inevitably affect the duration of his sentence'." Tanner v. Federal Bureau of Prisons, 433 F.Supp.2d 117, 123 (D.D.C. 2006) (quoting Sandin v. Conner, 515 U.S. 472, 486-87 (1995)). See supra, page 4. D.C. Code § 24-101(b) requires the Defendants to provide Plaintiff with "education" and "training". See id. Currently, the Defendants are circumventing the Congressional mandate set forth in § 24-101(b), thus depriving Plaintiff of his due process right to "education" and "training". See Chevron USA Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984). Plaintiff has in fact substantiated the Defendants' violation of his equal protection of D.C. Code § 24-101(b) and 28 C.F.R. § 541.12(10). See supra, pages 9 through 13.

### 2. Plaintiff will sustain an irreparable injury if his request for an injunction is not granted

The Defendants have been denying, and will continue to deny Plaintiff the "right" to participate in "education" and "vocational training" (see 28 C.F.R. § 541.12(10)), unless this Court intervenes and compels the Defendants to assume their congressionally-

mandated responsibility to ensure that Plaintiff receives "education" and "training". See D.C. Code § 24-101(b).

D.C. Code § 24-221.01(a) extends a right to Plaintiff to accumulate educational good time, which will reduce the duration of his 10      year sentence structure. Currently, Plaintiff is scheduled to be released from prison on March 5, 2011. See Plaintiff's complaint at    pages   4 and 10. See also supra, page 4.  In order for Plaintiff to secure educational good time credits, program opportunities must be available to him.  The Defendants are currently failing in their statutory obligation to ensure that Plaintiff receives "education" and "training" (see D.C. Code § 24-101(b)), thereby depriving Plaintiff of every opportunity to reduce the duration of his sentence structure.  Plaintiff's programming record is sound evidence that he has taken every available opportunity to reduce the duration of his sentence.  See chiefly, Plaintiff's complaint at   page 10.

Currently, the Defendants are depriving Plaintiff of his right to program, and his right to reduce the duration of this sentence. Plaintiff is currently being harmed by the Defendants' failure to provide education and training program opportunities to Plaintiff. If this Court does not intervene and issue an injunction, Plaintiff will sustain an irreparable injury because the Defendants will never provide Plaintiff with the "right" to participate in "education" and

"vocational training" (see 28 C.F.R. § 541.12(10)), thereby giving Plaintiff the statutory right to reduce the duration of his 10-year sentence. <u>See</u> <u>chiefly</u>, D.C. Code § 24-221.01(a) and § 24-101(b), respectively.

The issues raised in Plaintiff's complaint are far from isolated incidents. RCI is currently warehousing approximately a thousand D.C. Code offenders. <u>See</u> Plaintiff's complaint at Appendix <u>A</u>. <u>See</u> <u>also</u> the Defendants' motion to dismiss, page <u>8</u>, at § <u>C</u>.

"...Rivers houses primarily D.C. inmates...". The Defendants have established a pattern of denying D.C. Code offenders their "right" to participate in "education" and "vocational training" based on an age and/or a residence restriction. In <u>Rizzo v. Goode</u>, 423 U.S. 362, 379-80 (1976), the Supreme Court held that injunctive relief is appropriate where plaintiff can demonstrate a pervasive pattern of violations flowing from a deliberate plan of the named defendants. <u>See</u> <u>also</u>, <u>Ellis v. District of Columbia</u>, 84 F.3d 1413, 1424 (D.C. Cir. 1996) ("Injunctive relief is warranted in this type of § 1983 action only if there is 'a pervasive pattern...flowing from a deliberate plan by named defendants'").

At this juncture, there are several older D.C. Code offenders who are currently exhausting their administrative remedies regarding

the deprivation of their "right" to participate in "education" and "vocational training" which is extended to them via 28 C.F.R. § 541.12(10). The Defendants have a statutory obligation to ensure that **all** D.C. Code offenders housed at RCI receive "education" and "training". See D.C. Code § 24-101(b). Because of the Defendants failure to rectify the current problem, there are several D.C. Code offenders who have initiated § 1983 complaints asserting that they are being denied the right to participate in education and vocational training. At least three (3) of the § 1983 complaints are before this Honorable Court. See Gerald L. Marshall v. Federal Bureau of Prisons, et al., Civil No. 06-2136(HHK); Forrester, C v. Federal Bureau of Prisons, et al., Civil No. 06-1954 (HHK); and Abdul-Hakeem Muhammad v. Federal Bureau of Prisons, et al., Civil No. _____ (___). See also Plaintiff's complaint at page 10. As this Honorable Court is no doubt aware, before Congress ordered the closing of the Lorton complex, D.C. Code offenders were offered a multitude of program opportunities. Those opportunities do not exist at RCI. Currently, the Defendants are deliberately depriving a certain class of D.C. Code of their right to "education" and "training" in violation of the Congressional mandate set forth in D.C. Code § 24-101(b).

The Defendants are fully aware that Plaintiff has been denied the right to program based on his age and Maryland address. The Defendants have failed to provide Plaintiff with "education" and

"training", which is mandated by Congress.  See D.C. Code § 24-101(b).
The Defendants' motion to dismiss is absolutely silent regarding
their effort to rectify the current lack of programs for the older
class of D.C. Code offenders at RCI.  To provide Plaintiff with pro-
gram opportunities would give him the "right" to participate in "edu-
cation" and "vocational training", which will give <u>Plaintiff the right</u>
<u>to reduce the duration of his sentence</u>.  See 28 C.F.R. § 541.12(10),
and D.C. Code § 24-221.01(a), respectively.  The Defendants' depri-
vation of Plaintiff's right to participate in education and vocational
training programs is <u>ongoing</u>, and apparently, the only recourse to
having Plaintiff's issues rectified is an injunction from this Court.
"Injunctive relief is only justified where the plaintiff can show
continuing, adverse effects resulting from the complained-of event."
<u>Long v. Gaines</u>, 167 F.Supp.2d 75, 82 (D.D.C. 2001).  See <u>Los Ange-</u>
<u>les v. Lyons</u>, 461 U.S. 95 (1983).  Plaintiff will sustain an irrepa-
rable injury if this Court does not grant Plaintiff's  request for
an injunction.


   3.  **The relief that Plaintiff is seeking will not cause any
       harm to the Defendants or any other interested parties**

   On page 10, § <u>C</u>, of the Defendants' motion to dismiss, they
state that, "[t]he relief plaintiff seeks would substantially injure
the BOP by compromising its decision making authority under the sta-
tutes and case law."  See <u>id</u>.  The relief that Plaintiff is seeking
will only afford him the benefit of "education" and "training" in

accordance with the law, as congressionally prescribed in D.C. Code
§ 24-101(b).  The noted statute does not provide the BOP with un-
fettered discretion to do whatever they want, e.g., to <u>choose</u> whether
or not to provide Plaintiff with "education" and "training" oppor-
tunities.  <u>See</u> <u>id</u>.  The foregoing statement fails to recognize the
BOP's regulation that extends the "right" to Plaintiff to partici-
pate in educational and vocational programming.  <u>See</u> <u>supra</u>, pages
<u>2</u> and <u>3</u>.  If this Court grants Plaintiff the relief that he is re-
questing, the BOP will not be injured because D.C. Code § 24-101(b)
does not incorporate any discretionary language with regards to
"education" and "training", and 28 C.F.R. § 541.12(10) (the BOP's
own regulation!) extends the "right" to participate in "education"
and "vocational training" to Plaintiff.

    Notably, the Defendants do concede to their deliberate plan
to deprive a large class of D.C. Code offenders of their right to
program, by stating that, "Rivers houses primarily D.C. inmates,
there is a need to set admissions criteria for entrance into train-
ing programs or risk overcrowding."  <u>See</u> the Defendants' memorandum
at page 10 § <u>C</u>.  <u>See</u> <u>also</u> <u>supra</u> <u>Ellis</u>, 84 F.3d at 1424.  Defendants
neglected to elaborate further on this point because their so-called
"admissions criteria" is exactly as stated in Plaintiff's complaint:
"[T]he BOP <u>does not</u> impose upon D.C. Code offenders situated in
authentic BOP facilities any age or residency restriction, in con-
trast to the establish practice...at RCI".  <u>See</u> Plaintiff's complaint

- 25 -

at   page   10 .   The BOP's regulation, 28 C.F.R. § 541.12(10), ex-
tends to Plaintiff (and all other offenders in BOP custody) the
"right" to "education" and "vocational training"; conversely, there
is **no statute, regulation, or policy** that extends to BOP officials
the right to discriminate amongst inmates by virtue of age or resi-
dence.  The relief that Plaintiff is seeking will not cause any harm
whatsoever to the Defendants—Plaintiff's relief merely brings the
Defendants in line with their own regulations and the existing sta-
tutes—and while Defendants fail to identify any "other interested
parties", there are no real or theoretical injuries that could be
caused upon anyone as long as all parties respect the letter of the
law (D.C. Code § 24-101(b), 28 C.F.R. § 541.12(10), et al.).


   4.   The public interest favors granting an injunction in
        this case


In contrast with the Defendants' implausible defense on page
11, § <u>D</u>, of their memorandum, the public's interest most certainly
favors granting an injunction in this case.  Society has a vested
interest in the rehabilitation process of inmates that are, or will
be, returning to their community.  <u>See</u> Plaintiff's complaint at
   page   10.  This fact is corroborated by the BOP's mission state-
ment, which is to "...provide work and other self-improvement oppor-
tunities to assist offenders in becoming law-abiding citizens." <u>See</u>
Plaintiff's complaints at Appendix <u>A</u>   , line <u>5</u>, lines 6  through
11 (contract between the BOP and Wackenhut Corrections Corporation,

- 26 -

now GEO Group, Inc.).   The BOP's regulation strongly supports the
"mission" of the BOP as set forth noted contract.   See 28 C.F.R.
§ 541.12.   Specifically, the relevant portion of that regulation
provides that:

### Responsibilities

"You have the responsibility to take advantage
of activities which may help you live a success-
ful and law-abiding life within the institution
and in the community."

28 C.F.R. § 541.12(10).   The language set forth in both the noted
regulation and contract reflect the interest of the public to have
prisoners such as Plaintiff participate in education and training
programs, prior to their reentry into society.   The only way that
Plaintiff will be able to exercise his "responsibility" within the
meaning of § 542.12 is if this Court issues an injunction.


On page 11 § D, of the Defendants' motion to dismiss, they
state that, "[t]he matters challenged by the plaintiff are matters
within the exclusive authority of the BOP.   The BOP's decisions
regarding this inmate have been in compliance with BOP policy."
See id.   First of all, the BOP has "exclusive authority" only up
to the extent that the BOP remains in compliance with their policies
and all applicable statutes; and secondly, the BOP's decisions re-
garding Plaintiff have not been in compliance with 28 C.F.R. §
542.12(10).   D.C. Code § 24-101(b) is cast in terms of command;
thus, the BOP is required to provide Plaintiff with "education"

- 27 -

and "training" opportunities.  If the BOP was "in compliance with
BOP policy" as they claim, then surely the Defendants would have
offered some evidence to this Court to support their bare assertions
that they are complying with their policies.  But the Defendants
motion to dismiss is absolutely silent with respect to any challenge
to Plaintiff's assertion that the BOP is currently circumventing
the congressional mandate prescribed in D.C. Code § 24-101(b), and
depriving Plaintiff of his "right" to participate in "education"
and "vocational training" as afforded Plaintiff in 28 C.F.R.
§ 541.12(10).


    To reiterate, this Honorable Court is fully aware that some
of the D.C. laws were enacted to promote rehabilitation, e.g., D.C.
Code § 24-221.01(a).  The Defendants are fully aware that they are
required to adhere to D.C. Code § 24-101(b), and provide D.C. Code
offenders such as plaintiff with "education" and "training".  See
supra, page 14 in comparision with Plaintiff's complaint at Exhibit
eight (contract), page 1, lines 2 through 9.  Because of the ab-
sence of program opportunities at RCI, the older class of D.C. Code
offenders are faced with the serious reality of recidivism and idle
time.  This is in stark contrast with the interest of the public.
(Further, the public is under the impression that the regulations
laid out in 28 C.F.R. are being followed by the agencies of the
Department of Justice!)  Therefore, page 11, § D, of the Defendants'
memorandum is completely devoid of merit.  Thus, the public interest
favors the granting of an injunction.

5. **Injunctive relief may be granted pursant to 18 U.S.C. § 3626(a)(1)(A)**

On page 11 § **E**, of the Defendants' motion to dismiss, they cite to 18 U.S.C. § 3626(a)(2) to support their bizarre response regarding Plaintiff's request for injunctive relief.  Apparently, the Defendants have advanced a **hybrid** argument to this Court with some text selected from § 3626(a)(1)(A) and some elements cherry-picked from § 3626(a)(2), thus their repeated use of the term "preliminary" in reference to injunctive relief.  Plaintiff simply requested injunctive and declaratory relief, which would rectify his current prison conditions.  See Plaintiff's complaint at page 10 and    page 12(1),  and    12(3).    Actually, the Defendants are arguing to this Court that 18 U.S.C. § 3626(a)(1)(A) would be more appropriate in reaching Plaintiff's request for relief.  Specifically, that statute provides that:

> "Prospective relief in any civil action with res-
> pect to prison conditions shall extend no further
> than necessary to correct the violation of the
> Federal right of a particular plaintiff or plain-
> tiffs.  The Court shall not grant or approve any
> prospective relief unless the Court finds that such
> relief is narrowly drawn, extends no further than
> necessary to correct the violation of the Federal
> right, and is the least intrusive means necessary
> to correct the violation of Federal right."

18 U.S.C. § 3626(a)(1)(A).  Hallett v. Morgan, 287 F.3d 1193, 1203 (9th Cir. 2002); Johnson v. Breeden, 280 F.3d 1308, 1323-25 (11th

- 29 -

Cir. 2002); Hadix v. Johnson, 182 F.3d 400, 407-08 (6th Cir. 1999).
The Defendants cite to Porter v. Nussle, 534 U.S. 516, 525 (2002),
and then they go on to cite the language from 18 U.S.C. § 3626(a)(1)(A).
See the Defendants' memorandum at page 11 § E.


     The court should note that the Defendants' hybrid argument is
intended to confuse the Court.  This Court is fully aware that the
standards set forth in 18 U.S.C. § 3626(a)(2) are extremely difficult
for Plaintiff (or anyone) to meet.  Plaintiff asserts in his com-
plaint that the Defendants are depriving him of the "right" to parti-
cipate in "education" and "vocational training" without affording
him due process.  See Plaintiff's complaint at   page   10.  In
addition, Plaintiff asserts that the Defendants are depriving him
of the equal protection of the laws based on the fact that the Defen-
dants have failed in their mandatory duty to provide Plaintiff with
"education" and "training", as congressionally prescribed in D.C.
Code § 24-101(b).  Preliminary injunctive relief would be inappro-
priate in this case, because the Court can consider the merits of
this case, and then issue "prospective relief" per the norm, to cor-
rect the violation of Plaintiff's Federal rights at the conclusion
of this case.  See Title 18 U.S.C. § 3626(a)(1)(A).  See also Plain-
tiff's complaint at   pages   4 , 5 , 8_ , and, 10,


     The Court has absolute jurisdiction to reach the merits of
Plaintiff's complaint and this opposition.  See supra, pages 13

                              - 30 -

through **18.** There is sufficient legal harm asserted in Plain-
tiff's complaint, and granting prospective relief <u>at the</u>
<u>conclusion</u> of this case will **not** have an adverse impact upon
public safety and the operation of the federal criminal justice
system. In contrast with the Defendant's footnote <u>1</u>, Plaintiff
seeks both injunctive <u>and</u> declaratory relief. "Prisoner's pro
se civil rights complaint... should not be dismissed for failure
to state a claim unless it appears beyond doubt that prisoner
can prove no set of facts in support of his claim which entitle
him to relief." <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1986).


## CONCLUSION


**WHEREFORE,** Plaintiff prays that this Court will, in the best
interest of justice and fairness, deny the Defendants motion
to dismiss, and grant the injunctive and declaratory relief
Plaintiff is seeking.


Respectfully Submitted,

Date 6-6-07

Stevan Boulware
Fed. Reg. NO# 32755-007
Rivers Correctional Institution
P.O. Box 630 / Unit C-5
Winton, N.C. 27986-0630


- 31 -

## CERTIFICATE OF SERVICE

This is to certify that I have this 6th day of June 2007
served a copy of the foregoing upon the below-listed party by
placing the same Rivers Correctional Institution prison mailbox,
addressed as follows:

Quan K Luong
Special Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C. 20530

/s/ _Stevan Boulware_
Stevan Boulware
Pro se