UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVAN BOULWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-2137 (HHK) |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants hereby file this reply in support of their motion to dismiss and respectfully

request that the court dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure

12(b)(1) and (6).

## ARGUMENT

**I.      Plaintiff Has No Right to Participate in a Training Program**

Plaintiff claims that 28 C.F.R. § 541.12 confers an unyielding right to the educational and

training programs of his choice.  Pl. Opp. at 1-8.  In making this argument, plaintiff overstates

the regulation and conveniently ignores qualifying language within the regulation.  His own

opposition, in fact, confirms that there is no such unyielding right.  The regulation specifically

stresses that inmates have a "right to participate in education and vocational training . . . *as far as*

*resources are available*."  28 C.F.R. § 541.12 (emphasis added); see also Pl. Opp at 2.  The list

of inmate rights and responsibilities is an informal vehicle to give inmates a general overview of

BOP rules.  It is not, nor was it ever, a source of law afforded Due Process protections.

Moreover, the regulation itself is subject to various rules and procedures which govern eligibility

to participate in training programs.  Plaintiff has been made aware of this fact.  In the

corresponding "Responsibilities" section regarding education and training, it states that:

"[Inmates] will be expected to abide by the regulations governing the use of [training] activities."

28 C.F.R. § 541.12.  Thus, despite plaintiff's claims to the contrary, there is no unlimited

opportunity or a "right" to participate in a particular education or training program.  Brandon v.

District of Columbia Bd. of Parole, 823 F.2d 644, 647 (D.D.C. 1987) ("A protectable liberty

interest may arise from two sources - the Due Process Clause itself or the laws of the states").

## II.    There Is No Equal Protection Violation In This Matter

Plaintiff argues again that the BOP has somehow violated his Equal Protection rights,

however, his statements in support of this argument are confusing and contradicted by his own

earlier submissions to this Court.[1]  For example, plaintiff complains in his opposition of the

denial of his request to participate in the Rivers FCI HVAC course:

> "The Defendants have intentionally used Plaintiff's age and residence as the sole reasons
> to deny Plaintiff his "right' to participate in the HVAC program.  The Defendants'
> intentional act of denying Plaintiff the HVAC program deprives him of the ' .. right to
> participate in education [and] vocational training...'"  Pl. Opp at 11-12.

However, in his complaint, plaintiff already acknowledged that he has in fact completed the

---

[1] Plaintiff's opposition is replete with a number of erroneous citations to defendants'
motion to dismiss and other errors.  For example, plaintiff argues that defendants "mistakenly
claim that 'the vocation programs in question are not liberty interests requiring due process
because it is not inevitable that plaintiff would complete them and gain credits" and cites to page
5 of the defendants' motion.  Pl. Opp at 4.  Plaintiff also claims that defendants "incorrectly state
that 'Plaintiff's claim that a transfer is required falls short as well'" and cites to page 4 of the
defendants' motion.  Defendants' motion to dismiss in this case, however, does not reflect any of
these statements.  Instead, it appears that plaintiff Boulware is citing to portions of the motion to
dismiss in the matter of Marshall v. BOP, civil action no. 06-2136 (HHK), a case that presents
similar issues and also involves the BOP.  It also appears that plaintiff Boulware has largely
replicated plaintiff Marshall's opposition to the motion to dismiss without specifically
accounting for the differences in their respective cases (e.g. plaintiff Boulware completed the
HVAC course and plaintiff Marshall did not).

HVAC course:

> "Plaintiff has completed the one (1) vocational program available at this facility, the Heating, Ventilation, and Air Conditioning Technology course..."

> Pl. Compl at 10.

Thus, assuming arguendo that plaintiff is asserting an Equal Protection violation with regards to the HVAC course, Plaintiff lacks standing to bring such a claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (to satisfy Article III's standing requirements, a plaintiff must show "injury in fact," that is "concrete and particularized" and "actual or imminent," not "conjectural or hypothetical"). As demonstrated by Plaintiff's own pleadings, Plaintiff has already completed this HVAC course and therefore has suffered no injury.[2]

---

[2] The HVAC program was **not** created by the BOP, it is part of a contractual obligation between the Board of Trustees of Roanoke Chowan Community College in Ahoeski, North Carolina and the District of Columbia. See Work Force and Community Training for Incarcerated Youth Offenders Program Overview (attached hereto). The BOP is responsible for oversight and implementation of the program as part of its custodial obligations of D.C. inmates. The mission of the HVAC program is to assist *youth offenders* in gaining life and work skills. As stated in the Work Force and Community Training for Incarcerated Youth Offenders Program Overview:

> The purpose of this contract is to provide the terms and conditions under which the college will provide a Vocational and/or Developmental Education Program for eligible participants supported by the District of Columbia State Educational Office under the provisions of the federally funded Workforce and Community Transition Training for Incarcerated Youth Offenders Grant Program.

Exhibit 1. Therefore, in accordance with the program's stated goals, inmates must be between 18 to 25 years of age to be eligible for participation.

In this matter, the government has concluded, on a rational basis, that the disparate treatment of plaintiff is based on the desire to assist youth offenders. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 83 (2000) (differences in treatment based on age are reviewed under the rational basis test); United States v. Jenkins, 734 F.2d 1322, 1327 (9th Cir.1983) (upholding different treatment accorded youth offenders). Such classifications must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a

Plaintiff also appears confused when he argues that the denial of his request to participate in a Custodial Maintenance course violates the Equal Protection clause:

> "Because of Plaintiff's age and address, he has been denied placement into the Cust. Maint. To have [  ] that program at RCI only for certain group of D.C. Code offenders and not provide that same program to the older class of similarly situated D.C. Code offenders such as plaintiff, constitutes different treatment."

> Pl. Opp at 10.

Again, in his complaint, plaintiff acknowledged that he was denied participation in the Custodial Maintenance course only because the course was inactive, not because of any specific criteria for admission into such a course:

> "The [Rivers FCI] facility markets the availability of a 'Custodial Maintenance' course which has been inexplicably "inactive for all the years that Plaintiff has been incarcerated."

> Pl. Compl at 10.

Notably, plaintiff did not allege in his complaint that any other Rivers FCI prisoners were able to take the Custodial Maintenance course during the time of its inactive status. See Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 650 (D.C. Cir. 1987). Even if he were able to establish different treatment, he also fails to allege, let alone establish, that any such different treatment was the result of intentional or purposeful discrimination. Id.

---

rational basis for the classification. See Heller v. Doe, 509 U.S. 312, 320 (1993). On rational-basis review, a classification carries a presumption of validity, and those attacking the rationality of the classification "have the burden 'to negative every conceivable basis which might support it.'" F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 315 (1993) (quoting Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973)). Even were the Court to accept plaintiff's allegation that he was denied participation in the HVAC course, plaintiff cannot and does not meet this high burden and, therefore, has not established a valid equal protection claim.

**III.    Plaintiff's Administrative Procedures Act Claim Fails**

Plaintiff reiterates his claim that the BOP violates the Administrative Procedures Act ("APA").  Pl. Opp. at 13-19.  In particular, he asserts that the BOP failed to adhere to a mandate established in D.C. Code § 24-101(b), in which Congress gave the BOP oversight of all felons convicted within the District of Columbia.  Id.  Part of this oversight, plaintiff contends, is a responsibility to provide education and training to inmates.  Id.  It is true that D.C. Code § 24-101(b) does grant the BOP authority to oversee D.C. felons and part of this oversight includes the provision of education and training opportunities.  However, as discussed in defendants' motion to dismiss, the language in the statute does not specify any detailed education or training program and does not confer either a property or a liberty interest in education or training.  Furthermore, the statute does not mention any right to training in general.  D.C. Code § 24-101(b).  Instead, the statute merely outlines the fact that education and training opportunities are to be made available to inmates.  As plaintiff readily admits, many of these opportunities have been made available to him.  See Pl. Opp. at 4.  Plaintiff has participated in "nearly twenty educational and vocational programs" and "has been granted nearly 250 days of educational good time credit" for his participation.  Id.

In essence, plaintiff is asserting that he has a right to participate in a prison training of his choice and this right simply does not exist.  Prison rehabilitation and training opportunities are not a constitutional right, but rather a privilege.  Hayes v. Cuyler 475 F.Supp. 1347, 1350 (E.D. Pa.1979) citing Green v. United States, 481 F.2d 1140 (D.C. Cir. 1973); Preston v. Ford, 378 F.Supp. 729, 730 (E.D. Ky.1974); United States v. Pate, 229 F.Supp. 818, 819 (N.D. Ill.1964); Mercer v. United States Medical Center for Federal Prisoners, 312 F.Supp. 1077, 1079 (W.D.

Mo.1970).

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendants' motion to dismiss,

defendants respectfully request that this Court dismiss plaintiff's claims.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-9150

## CERTIFICATE OF SERVICE

I certify that on June 15, 2007, a copy of the foregoing was sent by first class mail, postage prepaid to:

STEVAN BOULWARE
R #32755-007
RIVERS CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986

_____/s/_____
Quan K. Luong
Special Assistant United States Attorney