UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVAN BOULWARE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>FEDERAL BUREAU OF PRISONS *et al.*,<br><br>　　　　　　　Defendants. | Civil Action 06-2137  (HHK) |

## MEMORANDUM OPINION

Plaintiff Stevan Boulware, proceeding *pro se*, is a District of Columbia prisoner incarcerated at the United States Bureau of Prisons' Rivers Correctional Institution ("RCI") in Winton, North Carolina.[1]  He seeks to compel the Bureau of Prisons ("BOP") "to provide [him] with the same marketable vocational opportunities . . . [it provides] to similarly situated District of Columbia offenders housed in [] federal facilities."  Pl.'s Mem. of Points and Authorities in Support of his Civil Action Pursuant to 42 U.S.C. § 1983 ("Pl.'s Mem.") [Dkt. No. 1] 2.  Defendants move to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6).  Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted because Boulware fails to state a claim upon which relief can be granted.[2]

---

[1] According to BOP's website, www.bop.gov, RCI is operated by a privately owned corrections contractor.

[2] Defendants have not articulated a basis to dismiss the case for lack of subject matter jurisdiction, and the court discerns no such basis.  As will become apparent, the court is satisfied that it has subject-matter jurisdiction under the federal question provision of 28 U.S.C. § 1331.

# I. BACKGROUND

Boulware sues BOP and certain BOP employees in their official and individual capacities. The individual defendants are Director Harley Lappin, Contracting Officer Scott P. Stermer, National Inmate Appeals Administrator Harrell Watts and BOP Representative Thomas R. Christensen. Compl. Form 4. Boulware alleges that he has been incarcerated since 2002, mostly at RCI, and that he "has essentially exhausted his academic opportunities" there. Pl.'s Mem. 9. Because RCI allegedly offers no other programs, Boulware claims that BOP is depriving him of due process and equal protection of the laws and is in violation of D.C. Code § 24-101.[3] Pl.'s Mem. 3, 8.

# II. ANALYSIS

## A. Boulware Fails to State a Claim Against the Individual Defendants

By its terms, § 1983 does not apply to federal officials acting under federal law. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). "A *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983," however. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (*citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). The court therefore considers Boulware's claim against the individual defendants to be brought under *Bivens*.

*Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("Both *Bivens* and §

---

[3] Boulware also seeks review under the Administrative Procedure Act, 5 U.S.C. § 706, Pl.'s Mem. 4, but the APA does "not apply to the making of any determination, decision, or order under [the] subchapter" governing imprisonment. 18 U.S.C. § 3625. The Court therefore lacks subject-matter jurisdiction over Boulware's APA claim. *See Tanner v. Fed. Bureau of Prisons,* 433 F. Supp. 2d 117, 122 n.5 (D.D.C. 2006).

1983 allow a plaintiff to seek money damages from government officials who have violated [constitutional] rights."); *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages," the payment of which a losing defendant is personally responsible). Under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted). Boulware does not seek to recover money damages. He therefore has failed to state a claim against the individual defendants for which relief may be granted.

## B. Boulware Fails to State Constitutional Claims Against the United States

Boulware's remaining claims against the individual defendants in their official capacity operate as claims against the United States. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect against the sovereign); accord *Mason v. Judges of U.S. Court of Appeals for Dist. of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991*), cert. denied*, 508 U.S. 829 (1992). Boulware alleges that he is deprived of due process and equal protection of the laws.

### 1. *The Due Process Claim*

The due process clause is implicated when the government deprives an individual of life, property or liberty. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). In identifying a liberty interest, courts may look to the Constitution or statutory law. *Ellis v. Dist. of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996). In a prison setting, however, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [*e.g.*, a transfer to a mental hospital or the involuntary administering of psychotropic drugs,] nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995) (citations omitted); accord

*Franklin v. Dist. of Columbia*, 163 F.3d 625, 631 (D.C. Cir. 1998). Thus, prisoners do not have a due process right to participate in vocational and educational programs, let alone one of their choosing. *Women Prisoners of Dist. of Columbia Dep't. of Corr. v. Dist. of Columbia*, 93 F.3d 910, 927 (D.C. Cir. 1996) (*citing Inmates of Occoquan v. Barry*, 844 F.2d 828, 836 (D.C. Cir. 1988)) (inmates do not have a constitutional right to work and educational opportunities); accord *Tanner,* 433 F. Supp. 2d at 122 -23) (*citing Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000)) (other citations omitted).

The fact that Boulware has completed all other programs and, thus, is currently unable to earn educational credit, Pl.'s Mem. 13, does not trigger due process consideration because the availability of a program would only provide the opportunity for Boulware to earn educational credit. Thus, a liberty interest is not at stake "because it is not inevitable that [the plaintiff] would complete an educational program and earn benefits derived from the program." *Tanner,* 433 F. Supp. 2d at 123 (quoting *Zimmerman*, 226 F.3d at 572) (other citation omitted) (bracket in original). Moreover, the unavailability of a program at a particular prison is not an atypical deprivation but rather "merely leaves the prisoner with the normal attributes of confinement." *Id*. (internal quotation marks omitted).

In the absence of a demonstrated liberty interest, Boulware's due process claim fails.

2.    ***The Equal Protection Claim***

In order to make an equal protection claim, a plaintiff must either allege that the government intentionally discriminated against him as a member of a protected class, *see Pers. Adm'r v. Feeny*, 442 U.S. 256 (1979), or treated him differently than another similarly situated individual or group. *Women Prisoners*, 93 F.3d at 924; *Dumaguin v. Sec'y of Health and Human Servs.*, 28 F.3d 1218, 1222 (D.C. Cir. 1994), *cert. denied*, 515 U.S. 827 (1995).

Boulware contends that he is being treated differently than D.C. Code offenders in BOP facilities because he "does not have the same marketable vocational opportunities" available to him. Pl.'s Mem. 3. But "[i]n determining whether [a prisoner] is being denied equal protection of the laws the class to which he belongs consists of the persons confined as he was confined, subject to the same conditions to which he was subject." *Koyce v. U.S. Bd. of Parole*, 306 F.2d 759, 762 (D.C. Cir. 1962). Boulware's alleged comparison to D.C. prisoners in BOP facilities nationwide is insufficient to state an equal protection claim.

## C. Boulware Fails to State a Statutory Claim

Pursuant to its custodial obligations under 18 U.S.C. §§ 3621 *et. seq.*, BOP promulgated 11 inmate rights and 11 inmate responsibilities, *see* 28 C.F.R. § 541.12, that apply to Boulware. *See* D.C. Code § 24-101 (D.C. felons "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted for by the Bureau of Prisons . . . [and] shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States . . . ."). Boulware claims that BOP is violating paragraph 10 of the regulation, which provides inmates "the right to participate in education, vocational training and employment *as far as resources are available*, and in keeping with your interests, needs, and abilities." 28 C.F.R. § 541.12 (10) (emphasis added).

Boulware does not allege that he was denied participation in a funded program. To the contrary, he states that he "has completed the one vocational program available at [RCI], the Heating, Ventilation, and Air Conditioning Technology course." Pl.'s Mem. 10. He further alleges that "the facility markets the availability of a 'Custodial Maintenance' course which has been inexplicably 'inactive' for all of the years that plaintiff has been incarcerated." *Id*. Presumably, resources are not available for an inactive program. Because the regulatory "right to

participate" in such programs depends on resources that by Boulware's own account were not available during the time period giving rise to this action, Boulware may not reasonably claim a statutory violation.

### III. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss. A separate Order accompanies this Memorandum Opinion.

Date: October 29, 2007

Henry H. Kennedy, Jr.
United States District Judge